Sandra S. Gustitus, OSB No. 143298
Chenoweth Law Group, PC
510 SW Fifth Avenue, Fourth Floor
Portland, OR  97204
Telephone:  (503) 221-7958
Facsimile:  (503) 221-2182
E-mail: sgustitus@chenowethlaw.com
*Attorneys for Plaintiff Boyajian Products, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| BOYAJIAN PRODUCTS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ENBY LLC,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

Boyajian Products, LLC ("Plaintiff" or "Boyajian Products"), by and through its counsel, for its Complaint against Enby LLC ("Defendant"), hereby alleges as follows:

## NATURE OF ACTION

1.　　This is an action for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of unfair competition, trademark infringement, and unlawful trade practices under the statutory and common laws of the State of Oregon, all arising from the Defendant's unauthorized use of the mark ENBY in connection with the distribution, marketing, advertising, promotion, offering for sale, and/or sale of sex toys and related retail services. Plaintiff seeks injunctive and monetary relief.

## THE PARTIES, JURISDICTION AND VENUE

2.　　Plaintiff is a limited liability company organized and existing under the laws of the State of New York.

Page 1 –　　COMPLAINT FOR TRADEMARK INFRINGEMENT

3. Upon information and belief, Defendant, is a limited liability company organized and existing under the laws of the State of Oregon with a principal place of business and an address for service of process located at 7603 N Omaha Ave Portland, Oregon 97217.

4. This court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§1331 and 1338. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Defendant because Defendant is organized under the laws of the State of Oregon and its principal place of business is located in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and because a substantial part of the events or omissions giving rise to the claims occurred, and a substantial part of the actions and wrongful conduct underlying these claims occurred in this district.

**FACTS**

7. Plaintiff sells sex toys and related goods primarily through its website at www.wildflowersex.com. In or about June 2019, Plaintiff launched a rechargeable vibrator under the ENBY trademark.

8. Plaintiff has used the ENBY mark in commerce throughout the United States and internationally continuously since as early as June 2019 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising and promotion of its rechargeable vibrator.

9. As a result of its widespread, continuous, and exclusive use of the ENBY mark to identify its rechargeable vibrator and Plaintiff as its source, Plaintiff owns valid and subsisting rights to the ENBY mark.

10. Since at least as early as June 5, 2019 Plaintiff has sold its rechargeable vibrator under the ENBY mark to consumers in the State of Oregon.

11. To date, Plaintiff has made a substantial number of sales and shipments to

consumers located in the State of Oregon.

12. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its rechargeable vibrator sold under the ENBY mark.

13. As a result of Plaintiff's expenditures and efforts, the ENBY mark has come to signify the high quality of the goods designated by the ENBY mark, and has acquired distinctiveness, incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

14. Plaintiff's ENBY mark and its goods offered thereunder have received significant unsolicited coverage in various media, including but not limited to coverage in various print and online magazines some of which include Cosmopolitan, Allure, Shape, Men's Health, Ask Men, and Healthline, and has also been featured on the popular HBO television show Real Time With Bill Marr.

15. Without authorization, and upon information and belief, in or about September 2020 Defendant launched an online retail store selling sex toys and related goods under the ENBY mark at the domain www.shopenby.com to consumers throughout the United States ("Infringing Mark").

16. The Infringing Mark is confusingly similar to Plaintiff's ENBY mark and is likely to cause consumer confusion as to the origination of the goods and services.

17. On October 16, 2020, Plaintiff, through counsel, sent a letter to Defendant alerting them to Plaintiff's rights and requesting that they stop using the Infringing Mark in connection with the promotion, marketing, advertising, offering to sell, selling or distributing of any and all sex toys and related goods.

18. To date, Plaintiff has received no response to the substance of its cease and desist letter and, after reasonable inquiry, has no evidence that Defendant has complied or intends to comply with the demands set out in Plaintiff's letter.

19. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's goods and services and have and are likely to deceive the relevant

consuming public into believing, mistakenly, that Defendant's goods and services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

20. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## FIRST CAUSE OF ACTION

(Federal Unfair Competition, 15 U.S.C. § 1125(a))

21. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

22. Defendant's unauthorized use in commerce of the Infringing Mark alleged herein is likely to deceive and confuse consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant was in some way affiliated with or sponsored by Plaintiff.

23. Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

24. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. Defendant's conduct as alleged herein has caused and, unless enjoined by this Court, will continue to cause Plaintiff to suffer irreparable harm.

26. Plaintiff has no remedy at law and is entitled to and seeks, among other relief, injunctive relief and an award of actual damages, Defendant's profits, reasonable attorneys' fees, and costs of the action pursuant to 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CAUSE OF ACTION

(Oregon Common Law Unfair Competition and Trademark Infringement)

27. Plaintiff repeats and realleges each and every allegation contained in the

paragraphs above with the same force and effect as if said allegations were fully set forth herein.

28. As a result of its continuous use throughout the United States, and specifically within the State of Oregon, Plaintiff owns valid, enforceable, and subsisting common law trademark rights in the ENBY mark throughout the United States and in Oregon.

29. Defendant's use in commerce of the Infringing Mark is likely to (i) cause confusion, mistake and/or deception, (ii) give the false and misleading impression that the goods and services offered or sold by Defendant and Plaintiff originate from or are under the control of a single source, or are endorsed by the Plaintiff, or (iii) give the false and misleading impression that Defendant is in some way associated with or connected to Plaintiff, in violation of Oregon's common law unfair competition and trademark laws.

30. Defendant's acts are being committed with actual knowledge of Plaintiff's prior and substantial use and prior rights in the ENBY mark, and without regard for the likelihood of confusion to the public as a result of its activities.

31. Defendant's acts are willful and with intent to trade on the goodwill associated with the ENBY mark to the irreparable injury of the Plaintiff.

32. As a direct result of Defendant's unlawful activities, Plaintiff is entitled to injunctive relief against to restrain further acts of infringement and unfair competition, and to recover any damages proven to have been caused by Defendant's unlawful acts, and to recover enhanced damages based upon Defendant's willful and intentional activities.

**THIRD CAUSE OF ACTION**

(Unlawful Trade Practices in Violation of ORS §§ 646.608)

33. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

34. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's goods and services, and as to affiliation, connection, or association with, or certification by, Plaintiff.

35. Defendant's conduct constitutes unfair and deceptive acts or practices in the

course of business, trade or commerce in violation of Oregon's Unlawful Trade Practices Act, ORS §§ 646.608.

36. Defendant's unauthorized use of the ENBY mark has caused and is likely to continue causing substantial injury to the public and to Plaintiff and Plaintiff is entitled to injunctive relief and to recover damages, costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. That the Defendant has violated Section 43(a) of the Lanham Act (15 U.S.C. §1125(a))

2. That the defendant has violated ORS §§ 646.608 and common law trademark and unfair competition laws.

3. Granting a permanent injunction enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

   a. distributing, selling, offering to sell, marketing, advertising, promoting, or authorizing any third party to sell, offer to sell, market, advertise or promote sex toys and related retail store services bearing the Infringing Mark or any other mark that is a copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's ENBY mark;

   b. engaging in any activity that infringes Plaintiff's rights in its ENBY mark;

   c. engaging in any activity constituting unfair competition with Plaintiff;

   d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods and services are in any manner approved,

          endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

e. using or authorizing any third party to use in connection with any business, goods, or services any marks, names, words, symbols, devices, that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark ENBY or any other mark that infringes or is likely to be confused with Plaintiff's ENBY mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

g. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

4. Directing Defendant to immediately transfer ownership of the www.shopenby.com domain to the Plaintiff and all log-in credential associated with such domain.

5. Directing, pursuant to 15 U.S.C. § 1116(a), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

6. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35 (a) of the Lanham Act (15 U.S.C. §1117(a)), enhanced as appropriate to compensate, without precluding all damages, costs and fees sought herein, Plaintiff for the damages caused thereby.

7. Awarding Plaintiff actual damages in accordance with Section 35 (a) of the Lanham Act (15 U.S.C. §1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

8. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate

to deter any future willful infringement.

9. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

10. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

11. Awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

Dated:  November 17, 2020

                             CHENOWETH LAW GROUP, PC

                              */s/ Sandra S. Gustitus*
                             Sandra S. Gustitus, OSB No. 143298
                             Chenoweth Law Group, PC
                             510 SW Fifth Avenue, Fourth Floor
                             Portland, OR  97204
                             Telephone:  (503) 221-7958
                             Facsimile:  (503) 221-2182
                             E-mail: sgustitus@chenowethlaw.com
                             *Attorneys for Plaintiff*