**Sean D. O'Brien**, OSB No. 141703
Sean.obrien@millernash.com
**John C. Clarke**, OSB No. 153245
john.clarke@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

**Frederic B. Jennings** *pro hac vice*
fjennings@law.fordham.edu
44 Court Street, Suite 1217
Brooklyn, New York 11201

Attorneys for Defendant Enby LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BOYAJIAN PRODUCTS, LLC, | No. 3:20-cv-01991-HZ |
| Plaintiff, | DEFENDANT ENBY LLC'S MOTION TO DISMISS |
| v. | **Oral Argument Requested** |
| ENBY LLC, | |
| Defendant. | |

## I.     LR 7-1 COMPLIANCE

In accordance with Local Rule 7-1, counsel for defendant Enby LLC certifies that they made a good-faith effort to resolve the issues set forth in this motion by conferring with counsel for plaintiff Boyajian Products, LLC ("Boyajian") via telephone and e-mail, but the parties have been unable to resolve the issues.

## II.    INTRODUCTION

The lawsuit arises from the use of the term "enby," a term used to refer to non-binary people. Declaration of Frederic B. Jennings in Support of Enby LLC's Motion to Dismiss ("Jennings Decl.") ¶¶ 2-6, Ex. 2. ("The word 'enby' is often used as shorthand for nonbinary people; 'nonbinary' is abbreviated to 'NB,' pronounced 'enby.'"); Ex. 3 ("Enby – or NB, which is a common acronym for nonbinary"); Ex. 5 ("[E]nby is a short form of the word non-binary."); Ex. 4 ("Named Enby after the acronym NB, short for non-binary.")). The term "non-binary" is commonly abbreviated to "NB," which is pronounced "enby." *Id*.

In November 2020, Boyajian filed this action to prevent Enby LLC, a small business in Oregon, from using the "enby" term in its company name, website, and other materials. Although literature, dictionary definitions, and many other publications reflect that the term "enby" for non-binary persons has been in common use since before Boyajian, a New York company, alleges to have started to use the mark, Boyajian claims ownership of a valid, subsisting rights in the unregistered trademark ENBY for a rechargeable vibrator.

The U.S. Patent and Trademark Office ("USPTO") also recognized that the term "enby" is merely descriptive and not appropriate for registration. *See* Jennings Decl. ¶ 2, Ex. 1 at 7. On January 30, 2019, Boyajian filed an application with the USPTO to register the term

Page 2 -    Defendant Enby LLC's Motion to Dismiss

"ENBY" as a trademark for sex toys. The USPTO determined that the ENBY mark was not registrable, finding the mark to be "merely descriptive" because the mark describes the intended users or group of users of the product. Jennings Decl. ¶ 2, Ex. 1 at 5-6. The USPTO denied Boyajian's application with finality on December 30, 2019, because Boyajian did not refute the determination that the mark was not registrable. *Id*. at 2.

In its complaint, Boyajian alleges causes of action against Enby LLC for unfair competition under 15 U.S.C. 1125(a), unfair competition and trademark infringement under Oregon common law, and Oregon's Unlawful Trade Practices Act ("UTPA") under ORS 646.608. The complaint is eight-pages long, and alleges only the following facts:

- Boyajian began to use the ENBY mark for its rechargeable vibrator in or about June 2019 and has used the mark in commerce throughout the United States since that time. Compl. ¶¶ 7, 8.

- Since June 2019, "Plaintiff has made a substantial number of sales and shipments to consumers located in the State of Oregon." Compl. ¶ 11. The complaint cites no particular quantity, minimum value, or range to identify what "substantial" means or to make this allegation anything but a conclusion couched as a fact.

- From some unspecified starting point, "Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its rechargeable vibrator sold under the ENBY mark." Compl. ¶ 12. The complaint cites no particular quantity, minimum value, or range to identify what "substantial" means or to make this allegation anything but conclusion couched as a fact.

- Boyajian's ENBY mark and its goods offered thereunder have received significant unsolicited coverage in various media, including but not limited to coverage in various print and online magazines some of which include Cosmopolitan, Allure, Shape, Men's Health, Ask Men, and Healthline, and has also been featured on the popular HBO television show Real Time With Bill Marr [*sic*]. Compl. ¶ 14.

Page 3 -    Defendant Enby LLC's Motion to Dismiss

- In or about September 2020, Enby LLC launched an online retail store selling sex toys and related goods under the ENBY mark at the domain www.shopenby.com to consumers throughout the United States. Compl. ¶ 15.

- On October 16, 2020, Boyajian sent Enby LLC a cease-and-desist letter, to which, Boyajian contends, it received no substantive response. Compl. ¶¶ 17-18.

The critical question of any trademark dispute is "What do the buyers understand by the word for whose use the parties are contending?" *Bayer Co. v. United Drug Co.*, 272 F. 505, 509 (S.D.N.Y. 1921). Buyers in the sex-toy market understand the term "enby" in its ordinary usage to be a term to describe non-binary people, who are the target consumers for the Boyajian's rechargeable vibrator. Jennings Decl. ¶¶ 2-6, Ex. 1 at 5-7 (USPTO Serial No. 88282201) and Ex. 2-5 (various publications). Boyajian does not, and cannot, allege that the term enby is exclusively or meaningfully associated with its product. No additional allegations would change the fact that enby is a widely used term understood by the general public, and the relevant consumers, to refer to an entire gender identity. The complaint should be dismissed with prejudice.

## III.    MOTION

In accordance with Federal Rule of Civil Procedure 12(b)(6), Enby LLC moves this court for an order dismissing the complaint with prejudice for failure to state a claim. As set forth below, Boyajian fails to allege that it has a valid, protectable mark and fails to establish standing for its claim under the UTPA. In addition, because Boyajian fails to allege that it has a valid, protectable mark, Boyajian lacks standing to bring this action.

## IV.    REQUEST FOR JUDICIAL NOTICE

Generally, a court may not consider material beyond the complaint when deciding a motion to dismiss. Fed. R. Civ. P. 12(d); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

A court may, however, consider facts beyond the pleadings without converting the Rule 12(b)(6) motion into a motion for summary judgment under two exceptions: judicial notice and incorporation by reference. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (discussing that a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment). Judicial notice under Federal Rule of Evidence 201 permits a court to take judicial notice of undisputed facts in matters of public record. Fed. R. Evid. 201(b)(2) (a court may take judicial notice of any fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *Khoja*, 899 F.3d at 999.

The incorporation by reference doctrine "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Id.* The doctrine is designed to prevent plaintiffs from selectively referencing portions of documents that support their claims, while omitting portions of those documents that weaken "or doom" their claims. *Id.* The Ninth Circuit has extended this doctrine to consider facts on which the complaint "necessarily relies" if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). When a document is incorporated by reference, it becomes "part of the complaint," and the court "may assume that its contents are true for purposes of a motion to dismiss." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Page 5 -    Defendant Enby LLC's Motion to Dismiss

4825-5697-8391.1

In accordance with Federal Rule of Evidence 201 and the incorporation by reference doctrine, Enby LLC requests that the court consider and take notice of the facts contained in the following documents:

- USPTO public record of Application Serial No. 88282201, reflecting Boyajian's application for the Standard Character Mark "ENBY." Jennings Decl. ¶ 2, Ex. 1. The record is publicly available at: https://tsdr.uspto.gov/#caseNumber=88282201&caseSearchType=US_APPLI CATION&caseType=DEFAULT&searchType=statusSearch

- Allure, "I Tried the Enby, a New Sex Toy Designed to Fit the Needs of All Genders and Genitals," Kasandra Brabaw (June 5, 2019), also available at: https://www.allure.com/story/enby-review-wild-flower-sex-toy-gender-free. The article is incorporated by reference into the complaint. *See* Compl. ¶ 14; Jennings Decl. ¶ 3, Ex. 2.

- Ask Men, "Wildflower Releases Enby, the First Gender-Neutral Sex Toy," Christina Majaski (June 7, 2019), also available at: https://www.askmen.com/news/dating/wildflower-releases-enby-the-first-gender-neutral-sex-toy.html.  The article is incorporated by reference into the complaint. *See* Compl. ¶ 14; Jennings Decl. ¶ 4, Ex. 3.

- Dezeen, "Wild Flower [sic] launches gender-neutral sex toy Enby for 'all of life's transitions,'" Rima Sabina Aouf (June 14, 2019), also available at: https://www.dezeen.com/2019/06/14/wild-flower-designs-gender-neutral-sex-toy-enby-for-all-of-lifes-transitions/. The article is incorporated by reference into the complaint. *See* Compl. ¶ 14; Jennings Decl. ¶ 5, Ex. 4.

- Men's Health Article, "I Tried Masturbating With Enby, the New Sex Toy for All Genders," Zachary Zane (July 13, 2019), also available at: https://www.menshealth.com/sex-women/a28379861/enby-gender-neutral-sex-toy-review/. Jennings Decl. ¶ 6, Ex. 5.

Because these documents contain facts and reflect information that are either capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned, or incorporated by reference into the complaint, the facts are appropriate for taking judicial notice for purposes of resolving this motion.

## V.    ARGUMENT

### A.    Boyajian Does Not Allege a Viable Federal Trademark Claim Because It Fails to Allege a Valid, Protectable Mark.

To allege a claim for trademark infringement, "a plaintiff must show that: 1) it has a valid, protectable mark, and 2) the defendant's use of the mark is likely to cause consumer confusion. To be valid and protectable, a mark must be distinctive and non-functional." *OTR Wheel Engineering, Inc. v. West Worldwide Services, Inc.*, 897 F.3d 1008, 1022 (9th Cir. 2018) (internal citations omitted). This standard applies to both unregistered trademarks and unregistered trade dress. *International Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 823 (9th Cir. 1993) (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992)).

As a preliminary matter, federal registration of a trademark creates a presumption of validity. *Zobmondo Entertainment, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010). Boyajian does not allege and does not have a federal registration. In fact, Boyajian previously applied for and was refused registration of the ENBY mark for sex toys because the mark merely describes the intended user or group of users of Boyajian's sex toys. Jennings Decl. ¶ 2, Ex. 1 at 6. Boyajian therefore cannot allege federal registration.

Because the alleged mark is not registered, Boyajian bears the burden of affirmatively demonstrating validity, including that the claimed mark is distinctive. *Zobmondo*, 602 F.3d at 1113. An unregistered mark is not presumed to be distinctive, but must either (1) be inherently distinctive, or (2) have acquired distinctiveness through secondary meaning. *See Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210-11 (2000). Because Boyajian bears the ultimate burden of proof in a trademark-infringement action that the trademark is valid, then, the

Page 7 -    Defendant Enby LLC's Motion to Dismiss

complaint must allege facts sufficient to support an inference of distinctiveness, whether it be inherent or acquired. *See id.*

### 1.    Boyajian Does Not Allege that the Mark is Inherently Distinctive.

Boyajian does not allege that the ENBY mark is inherently distinctive. Generally, courts look to five levels of increasing distinctiveness to determine if a mark is protectable: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful. *Zobmondo*, 602 F.3d at 1113 (citing *Two Pesos*, 505 U.S. at 768). Generic marks are per se not protectable, while suggestive, arbitrary, and fanciful marks are per se protectable because those categories are deemed to be inherently distinctive. *Two Pesos*, 505 U.S. at 768.

Boyajian does not allege any facts—even in bare, conclusory fashion—that the ENBY mark is inherently distinctive. Boyajian merely alleges, without any facts, that the ENBY mark has acquired distinctiveness, which is insufficient to establish that the mark is inherently distinctive. Compl. ¶ 13.

### 2.    Boyajian Does Not Allege that the Mark has Acquired Distinctiveness through Secondary Meaning.

Further, Boyajian does not allege sufficient facts demonstrating that the ENBY mark has acquired distinctiveness through secondary meaning. "A trademark that is descriptive and lacks secondary meaning is invalid." *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 910 (9th Cir. 1995). The more highly descriptive the mark, the greater the evidentiary burden to establish secondary meaning. *See, e.g.*, *Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999) ("Such a weak descriptive mark could be a valid trademark only with a strong showing of strong secondary meaning.").

Page 8 -    Defendant Enby LLC's Motion to Dismiss

For a descriptive term to have secondary meaning, "the plaintiff 'must show that the primary significance of the term in the minds of the consuming public is not the product but the producer.'" *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1015 (9th Cir. 1985) (quoting *Kellogg Co. v. National Biscuit Co.,* 305 U.S. 111, 118 (1938)). "[T]he relevant purchasing public is not the population at large, but prospective purchasers of the product." *Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 761 (9th Cir.2006). "Secondary meaning can be established in many ways, including (but not limited to) direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant." *Filipino Yellow Pages*, 198 F.3d at 1151. Further, secondary meaning must have accrued by or before the time that the alleged infringement began. *See Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 843 (9th Cir. 1987); *see also beef & brew, inc. v. Beef & Brew, Inc.*, 389 F. Supp. 179, 184-85 (D. Or. 1974) ("The . . . issue . . . is whether at the time Defendant opened its first restaurant Plaintiff's name had acquired a secondary meaning.").

The ENBY mark is highly descriptive of the non-binary people who are the target consumers for Boyajian's rechargeable vibrator. Jennings Decl. ¶ 2, Ex. 1 at 6. Accordingly, Boyajian bears the burden of alleging a strong showing of secondary meaning. *See Filipino Yellow Pages*, 198 F.3d at 1151.

Boyajian, however, does not allege that it conducted any surveys. Nor does Boyajian allege the manner in which it uses its mark, only generally averring that the mark is used "in connection with" its enterprises. Compl. ¶ 8. While Boyajian alleges its length of use of

the mark, that use began only about fifteen months before Enby LLC is alleged to have launched its online retail store. Compl. ¶¶ 7, 15. In addition, Boyajian alleges no facts specifying the amount or manner of its advertising, stating only that advertising exists and that it has "expended substantial time, money, and resources" for advertising. Compl. ¶¶ 9, 12.

Similarly, Boyajian alleges no facts specifying the amount of sales and number of customers it has for its alleged ENBY product. Instead, Boyajian alleges that there have been a substantial number of sales and shipments to consumers located in the State of Oregon. Compl. ¶ 11. The complaint cites no particular quantity, minimum value, or range to identify what "substantial" means or to make this allegation anything but a "naked assertion" lacking "further factual enhancement." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). The complaint includes no allegation about sales outside of Oregon.

Further, the complaint includes no allegations as to when any secondary meaning may have been established, even though secondary meaning must have accrued before the alleged infringement began. *See Fuddruckers*, 826 F.2d at 843. Accordingly, the allegations of fact in the complaint do not rise to the level making a strong showing of secondary meaning. And a descriptive trademark without secondary meaning is not a valid trademark. *Self-Realization Fellowship Church*, 59 F.3d at 910.

Because Boyajian fails to allege that the ENBY mark is either inherently distinctive or that it has acquired distinctiveness through secondary meaning, Boyajian does not allege a valid, protectable mark. Accordingly, the court should dismiss the claim under 15 U.S.C. § 1125(a).

**B.    Boyajian Lacks Standing to Assert a Federal Trademark Claim.**

In addition, Boyajian lacks standing to assert claims under 15 U.S.C. § 1125(a) in the first place. "To establish standing to sue for trademark infringement under the Lanham Act, a plaintiff must show that he or she is either (1) the owner of a federal mark registration, (2) the owner of an unregistered mark, or (3) a non-owner with a cognizable interest in the allegedly infringed trademark." *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1225 (9th Cir. 2008).

As reflected above, Boyajian does not allege that it is the owner of a federal mark registration, does not allege that it is the owner of a valid, unregistered mark, and does not allege that it otherwise has some cognizable interest in the allegedly infringed trademark. Accordingly, Boyajian lacks standing to bring a § 1125(a) claim.

**C.    Boyajian Does Not Allege a Valid Claim under Oregon Law.**

Similar to Boyajian's federal law claim, under Oregon law, if the trade name is composed of descriptive terms or personal names, which are not inherently distinctive, Boyajian must establish that the name has acquired a secondary meaning among the purchasing public. *Ernst Hardware Co. v. Ernst Home Center, Inc.*, 134 Or. App. 560, 895 P.2d 1363, 1365 (1995).

For the same reasons set forth above, Boyajian does not allege sufficient facts to support a plausible inference that its ENBY mark has acquired a secondary meaning. Accordingly, the court should dismiss the claim for unfair competition and trademark infringement under Oregon common law because Boyajian does not allege a valid, protectable mark.

Page 11 -    Defendant Enby LLC's Motion to Dismiss

4825-5697-8391.1

**D.    Boyajian Does Not Have Standing to Allege a Valid UTPA Claim.**

Under the UTPA, ORS 646.608, private civil actions are limited to consumer actions. *Pulse Health LLC v. Akers Biosciences, Inc.*, No. 3:16-cv-01919-HZ, 2017 WL 1371272, at *8 (D. Or. Apr. 14, 2017) (collecting cases and dismissing complaint for failure to allege that plaintiff was a consumer of defendant's products). Boyajian does not allege any facts indicating that it is a consumer of Enby LLC's products. The court should therefore dismiss Boyajian's claim under the UTPA.

**E.    Boyajian Cannot Cure the Complaint's Pleading Deficiencies.**

In dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 997 (9th Cir. 2000) (quoting *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citations omitted)); *see also See Townsend v. Univ. of Alaska,* 543 F.3d 478, 485 (9th Cir. 2008) ("Leave to amend need not be granted, however, where the amendment would be futile.").

Boyajian's claimed mark is merely descriptive and unlikely to ever achieve secondary meaning given the widespread use of the term "enby" to describe non-binary people. Thus, no amended complaint could allege a valid, protectable trademark. Because amendment would not cure the pleading deficiencies, amendment would be futile and Boyajian's complaint should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Enby LLC respectfully requests that the court grant this motion and dismiss the complaint with prejudice.

DATED:  January 15, 2021

MILLER NASH GRAHAM & DUNN LLP

*s/ Sean D. O'Brien*
Sean D. O'Brien, OSB No. 141703
sean.obrien@millernash.com
John C. Clarke, OSB No. 153245
john.clarke@millernash.com
Phone:  503.224.5858
Fax:  503.224.0155

and

*Frederic B. Jennings*
Frederic B. Jennings (FJ7723) (pro hac vice)
fjennings@law.fordham.edu
44 Court Street, Suite 1217
Brooklyn, New York 11201
Phone:  978.944.2753

Attorneys for Defendant Enby LLC

Page 13 -   Defendant Enby LLC's Motion to Dismiss

4825-5697-8391.1