Sandra S. Gustitus, OSB No. 143298
Chenoweth Law Group, PC
510 SW Fifth Avenue, Fourth Floor
Portland, OR  97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
E-mail: sgustitus@chenowethlaw.com

Kristin Grant, *pro hac vice*
Grant Attorneys at Law PLLC
40 Exchange Place, Suite 1306
New York, NY 10005
Telephone:  212-520-7881
Facsimile:  212-520-7883
E-mail: kgrant@grantipattorneys.com

*Attorneys for Plaintiff Boyajian Products, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| BOYAJIAN PRODUCTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ENBY LLC,<br><br>Defendant. | Case No. 3:20-cv-01991-HZ<br><br>**PLAINTIFF BOYAJIAN PRODUCTS, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff Boyajian Products, LLC ("Plaintiff") submits this response in opposition to Defendant Enby LLC's ("Defendant") motion to dismiss filed on January 16, 2021 (ECF No. 13 ("Def.'s Mot.")).  As explained below, Defendant's motion to dismiss should be denied.

*/ / /*

Page 1 –    PLAINTIFF BOYAJIAN PRODUCTS, LLC'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

## I.    INTRODUCTION

Plaintiff is not attempting to control the word "enby" across all uses.  However, Plaintiff has been the exclusive owner of the ENBY mark in relation to the sale of sex toys throughout the United States since June 2019.  Therefore, it brought this action to prevent Defendant's ongoing use of its mark in the exact same business.  Since its launch, Plaintiff's product, sold under the ENBY mark, gained quick popularity and garnered a lot of attention as a toy for *everyone*, regardless of their sexual orientation or gender.  In late 2020, Defendant began selling and/or offering for sale sex toys and related goods under the mark ENBY.

On November 17, 2020, Plaintiff commenced this action alleging federal and state common law trademark infringement, federal and state unfair competition, and Oregon state unlawful trade practices, against Oregon-based Defendant, for its use of the ENBY mark in relation to the sale and/or offer for sale of sex toys and related goods.  Plaintiff is the senior user of the ENBY mark in relation to sex toys and Defendant is using the ENBY mark in relation to the sale of sex toys and related goods without Plaintiff's authorization, thus infringing on Plaintiff's ENBY trademark.

Defendant's motion to dismiss should be denied because (1) it improperly uses Federal Rule of Civil Procedure 12(b)(6) to introduce disputed evidence and argue the merits of this action at the pleading stage, and (2) Plaintiff has pled plausible claims for federal and state trademark infringement and unfair competition, and Oregon state unlawful trade practices.  Notwithstanding the foregoing, should this Court find the pleadings deficient, Plaintiff should be granted leave to amend the complaint as justice so requires.

/ / /

/ / /

/ / /

## II.    ARGUMENT

### A.  Defendant Is Improperly Using Federal Rule of Civil Procedure 12(b)(6) to Argue the Merits of this Action.

The inquiry on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "is into the adequacy of the pleadings, not the adequacy of the evidence." *Solid 21, Inc. v. Breitling USA, Inc*., 512 Fed. Appx. 685, 686–87 (9th Cir. 2013).  Challenges to a plaintiff's claims are not to be considered on a motion to dismiss and have no bearing on the legal sufficiency of the complaint's allegations under Rule 12(b)(6).  *Id*.  Both Defendant's motion to dismiss and the supporting *amici curiae* memorandum introduce evidence in an attempt to rebut the Plaintiff's claims.  Specifically, Defendant and counsel for *amici curiae* attempt to introduce evidence that Plaintiff's mark is merely descriptive and not entitled to trademark protection.  Such evidence goes to the merits of this action and should not be considered with respect to the pending Rule 12(b)(6) motion.  On a motion to dismiss, "[t]he issue is not whether a Plaintiff will ultimately prevail but whether [it] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

On a motion to dismiss under Rule 12(b)(6), courts may generally consider only allegations contained in the pleadings.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Rule 12(b)(6) expressly requires that when matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion under Rule 56. Fed. R. Civ. P. 12(d).  There are two exceptions to this general rule: (1) a court may consider matters outside of the pleadings under the doctrine of incorporation by reference, and (2) a court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *Khoja v. Orexigen*

*Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). However, the consideration of matters outside of the pleadings to "resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 998. "If Defendants are permitted to present their own version of the facts at the pleading stage— and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved Plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 999 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Judicial notice under Federal Rule of Evidence 201 allows courts to take judicial notice of matters of public record that are "not subject to reasonable dispute." A matter of public record is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). A court may not take judicial notice of disputed facts contained in such public records. *Khoja*, 899 F.3d at 999; *see also Lee*, 250 F.3d at 689–91. The issue of whether the Plaintiff's mark is descriptive is a disputed fact as evidenced in the USPTO public record of Application Serial No. 88282201, publicly accessible at https://tsdr.uspto.gov/#caseNumber=88282201&caseType=SERIAL_NO&searchType=statusSearch. On May 28, 2019 Plaintiff submitted a response to the examining attorney disagreeing with the examining attorney's opinion and arguing that its mark is suggestive. Therefore, while this court may properly take judicial notice of the existence of the USPTO record, judicial notice of the disputed facts in the record, such as the examining attorney's opinion on registrability on the Principal Register, is improper.

Further, the Ninth Circuit as well as other circuits have held that they are not bound by the opinion of a trademark examining attorney especially when such opinion was rendered based on a

sparse record and at the lowest administrative level.  See *Carter-Wallace, Inc. v. Procter & Gamble Co*., 434 F.2d 794, 801–02 (9th Cir. 1970); *HGI Marketing Services, Inc. v. Pepsico Inc*., 50 F.3d 14 (9th Cir. 1995); *Progressive Distribution Services, Inc. v. United Parcel Service, Inc*., 856 F.3d 416, 426 (6th Cir. 2017).

A document may be incorporated into the complaint by reference "if the Plaintiff refers extensively to the document or the document forms the basis of the Plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).  Merely mentioning "the existence of a document is insufficient to incorporate the contents of a document."  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (citing *Ritchie*, 342 F.3d at 908–09).

It is improper to assume the truth of the facts in an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.  This is in accord with the prohibition against resolving factual disputes at the pleading stage.  *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the Plaintiff.").  In the complaint, Plaintiff merely mentions the existence of the press articles that Defendant seeks to be incorporated by reference as examples of unsolicited press received by the Plaintiff.  Compl. ¶ 14.  Plaintiff does not discuss the contents of these documents in the complaint nor are the contents of these documents alleged in the complaint.  While Plaintiff disagrees that the contents of these documents show that Plaintiff's ENBY mark is descriptive, the classification of the mark is a question of fact that should not be determined on a motion to dismiss.  *Pinterest Inc v. Pintrips Inc*., 15 F. Supp. 992, 999 (N.D. Cal 2014).  Defendant merely seeks to introduce the contents of these documents in an attempt to rebut the Plaintiff's factual allegation that it owns a valid, protectable mark.  Unless the district court converts the Defendant's motion to dismiss into

a motion for summary judgment, the Plaintiff receives no opportunity to respond to the Defendant's new version of the facts. *See Khoja*, 899 F.3d at 998. As such, it is improper to assume the truth of the facts in any of these documents for the purpose of deciding a motion under Rule 12(b)(6).

### B. Defendant's Motion to Dismiss Challenges Questions of Fact Inappropriate for a Motion to Dismiss.

Defendant's motion to dismiss raises challenges to Plaintiff's claims that are appropriate for trial or a summary judgment motion—not a motion to dismiss on the pleadings. Defendant's motion is premised on the assumption that Plaintiff's ENBY mark is descriptive, and therefore requires secondary meaning to be enforceable. However, a Rule 12(b)(6) motion is an "improper vehicle for establishing" whether a mark is suggestive or descriptive. *Pinterest Inc.*, 15 F. Supp. at 999; *also Rothy's, Inc. v. JKM Tech., LLC*, 360 F. Supp. 3d 373, 388 (W.D. Va. 2018) ("Given the factually intensive nature of secondary meaning, it is not appropriate for the court to weigh the factors at this stage. Defendants may raise this argument on summary judgment, if they wish.").

Unsurprisingly, the cases Defendant cites arise either from summary judgment motions or post-trial motions. However, the analysis Defendant asks the Court to do is inappropriate at this stage. Defendant cites *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc*., 897 F. 3d 1008 (9th Cir. 2018) for the proposition that to be protectable, "a mark must be distinctive and non-functional." *OTR Wheel Engineering* went to trial and the opinion on which Defendant relies comes from post-trial pleadings. *Id.* Defendant cites *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1112 (9th Cir. 2010), for the proposition that a trademark's federal registration creates a presumption of validity. That case was decided on a motion for summary judgment. *Id.* Similarly, *Wal-Mart Stores, Inc. v. Samara Bros., Inc.,* 529 U.S. 205 (2000), also cited by

Defendant, went to trial and the decision was based on post-trial motions.  Finally, *Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc.*, 198 F.3d 1143, 1145 (9th Cir. 1999), on which Defendant's motion heavily relies, was also decided on summary judgment.

The posture of these cases makes clear that this level of inquiry is inappropriate on a 12(b)(6) motion to dismiss on the pleadings.

## C. Plaintiff Alleges a Viable Claim for Trademark Infringement Under 15 U.S.C 1125(a).

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible where "the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  This pleading standard under Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," but demands more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555.  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

To state a claim for trademark infringement under 15 U.S.C. § 1125(a)), a Plaintiff must allege: (1) ownership of a valid trademark and (2) likelihood of confusion from Defendant's use of the mark.  *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1354 (9th Cir. 1985).

Trademarks are classified in one of five categories of increasing distinctiveness: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful.  *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992).  Suggestive, arbitrary, and fanciful marks are inherently

distinctive and thereby are entitled to federal trademark protection because "their intrinsic nature serves to identify a particular source of a product." *Id.* A descriptive mark is not automatically entitled to trademark protection but may become protectable if it has acquired distinctiveness through secondary meaning. *Zobmondo Entmt., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010). The classification of a mark is a factual question.

In the Ninth Circuit, secondary meaning "has been defined as association, nothing more." *Levi Strauss & Co. v. Blue Bell, Inc.*, 632 F.2d 817, 820 (9th Cir. 1980) (quoting *Carter-Wallace, Inc.*, 434 F.2d at 802). Secondary meaning is the mental association by a substantial segment of consumers and potential consumers "between the alleged mark and a single source of the product." *Id.* The Plaintiff's mark is *suggestive*, and therefore inherently distinctive without the need to establish secondary meaning. Thus, there is no need for Plaintiff to allege secondary meaning in the complaint. Regardless, the complaint sufficiently alleges secondary meaning. Plaintiff alleges, *inter alia*:

- Plaintiff has used the ENBY mark in commerce throughout the United States and internationally continuously since as early as June 2019 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising and promotion of its rechargeable vibrator. Compl. ¶ 8.

- As a result of its widespread, continuous, and exclusive use of the ENBY mark to identify its rechargeable vibrator and Plaintiff as its source, Plaintiff owns valid and subsisting rights to the ENBY mark. Compl. ¶ 9.

- Since at least as early as June 5, 2019 Plaintiff has sold its rechargeable vibrator under the ENBY mark to consumers in the State of Oregon. Compl. ¶ 10.

- To date, Plaintiff has made a substantial number of sales and shipments to

consumers located in the State of Oregon.  Compl. ¶ 11.

- Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its rechargeable vibrator sold under the ENBY mark. Compl. ¶ 12.

- As a result of Plaintiff's expenditures and efforts, the ENBY mark has come to signify the high quality of the goods designated by the ENBY mark, and has acquired distinctiveness, incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.  Compl. ¶ 13.

- Plaintiff's ENBY mark and its goods offered thereunder have received significant unsolicited coverage in various media, including but not limited to coverage in various print and online magazines some of which include Cosmopolitan, Allure, Shape, Men's Health, Ask Men, and Healthline, and has also been featured on the popular HBO television show Real Time With Bill Marr.  Compl. ¶ 14.

These facts are sufficient to allege secondary meaning.  *E.g.*, *Kremerman v. Open Source Steel, LLC*, 2017 WL 3970894, *5 (W.D. Wash. 2017) (Allegation that trade dress "enjoys secondary meaning among customers based on 'extensive and consistent advertising throughout the United States'" was sufficient to survive a motion to dismiss) (citing *Glassybaby, LLC v. Provide Gifts, Inc.*, 2011 WL 2218583 (W.D. Wash. June 6, 2011) (allegation of "widespread coverage in print and television journalism, extensive marketing and promotion, and appearances on national broadcast television and radio programs" sufficient to survive a motion to dismiss).

Defendant argues that secondary meaning may be shown through, among other things, direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of customers; established place in

the market; and proof of intentional copying by the Defendant." Def.'s Mot. at 9. However, it is unnecessary that a complaint provide all factual evidence that will be revealed during discovery. Such a substantial amount of evidence is not required at the pleading stage. *See e.g.*, *Twombly*, 550 U.S. at 555.

### D.  Plaintiff Does Not Lack Standing to Assert a Federal Trademark Claim.

"To establish standing to sue for trademark infringement under the Lanham Act, a Plaintiff must show that he or she is either (1) the owner of a federal mark registration, (2) the owner of an unregistered mark, or (3) a non-owner with a cognizable interest in the allegedly infringed trademark." *Halicki Films, LLC v. Sanderson Sales & Mktg*., 547 F.3d 1213, 1225 (9th Cir. 2008).

Defendant argues that Plaintiff lacks standing to bring a federal trademark claim because Plaintiff does not allege that it is that it is the owner of a valid, unregistered mark, and does not allege that it otherwise has some cognizable interest in the allegedly infringed trademark. Def.'s Mot. at 11. Plaintiff alleges that it is the owner of a valid protectable mark. Plaintiff specifically alleges, "As a result of its widespread, continuous, and exclusive use of the ENBY mark to identify its rechargeable vibrator and Plaintiff as its source, Plaintiff *owns valid and subsisting rights to the ENBY mark*" (emphasis added). Compl. ¶ 9. This allegation is supported by the additional facts alleged in the complaint as discussed in Section C above.

### E.  Plaintiff Alleges a Valid Claim for Common Law Trademark Infringement Under Oregon Law.

A claim trademark infringement under Oregon State law is assessed under the same test as a claim for federal trademark infringement. *Classic Instruments, Inc. v. VDO-Argo Instruments, Inc*., 73 Or. App. 732, 736–42 (1985) (assessing state and federal trademark claims under a single analysis); *see also Interstellar Starship Servs. v. Epix, Inc*., 125 F. Supp. 2d 1269, 1272 (D. Or.

Jan. 3, 2001); *Slep-Tone Entertainment Corporation v. Grillhouse, Inc.*, 2015 WL 12880560 n. 4. As such, in order to succeed on a claim for common law trademark infringement under Oregon law, Plaintiff must prove (1) ownership of a valid trademark and (2) likelihood of confusion from Defendant's use of the mark. *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1354 (9th Cir. 1985). At the pleading stage, however, Plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

As previously stated, Plaintiff's position is that its mark is inherently distinctive when used in relation to the Plaintiff's goods. Notwithstanding the foregoing, Plaintiff has also alleged in the complaint that its mark has acquired distinctiveness. Under Oregon law, there is no one test for proving secondary meaning. *Lift Truck, Inc. v. Bourne*, 235 Or. 446, 450, 385 P.2d 735 (1963). However, in all cases, whether a name has acquired a secondary meaning is a question of fact. *The 88¢ Stores, Inc. v. Martinez*, 227 Or. 147, 153–54, 361 P.2d 809 (1961). It is well established that questions of fact cannot be decided on a motion to dismiss. *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 212 (9th Cir. 1957). The consideration here is whether the Plaintiff has alleged enough facts to show that is it plausible that it is the owner of a valid and protectable mark and that there is a likelihood of confusion from Defendant's use of the mark. As discussed above, Plaintiff has met this Rule 8 pleading standard.

**F.  Plaintiff Will Dismiss its UTPA Claim.**

Upon further review, Plaintiff has decided to dismiss its UTPA claim in an amended complaint.

**G.  If this Court Finds the Pleadings Insufficient, the Plaintiff Should Be Granted Leave to Amend.**

Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the

opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(2).  It is well established that leave to amend should "be freely given when justice so requires."  *See Bowles v. Reade,* 198 F.3d 752, 757 (9th Cir. 1999).  Defendant argues that Plaintiff should not be granted leave to amend the complaint because the Plaintiff's mark is merely descriptive, unlikely to ever achieve secondary meaning, and therefore amendment would be futile.  *See* Def.'s Mot. at 12. Whether a mark is merely descriptive and whether it has or can achieve secondary meaning are questions of fact.  *Pinterest Inc.*, 15 F. Supp. at 999; *The 88¢ Stores, Inc.*, 227 Or. at 153–54.

Defendant and Counsel for *amici curiae* attempt to litigate the Plaintiff's claims at the pleading stage through the presentation of external, and mostly disputed, evidence into the complaint.  The consideration of matters outside of the pleadings to "resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery."  *Khoja*, 899 F.3d at 998.  At the motion to dismiss stage, Plaintiff has not been given the opportunity to present all relevant evidence to substantiate its claims, and surely has not been given the opportunity to provide evidence in rebuttal of the plethora of disputed facts and legal conclusions presented by the Defendant and counsel for *amici curiae*.  *See Khoja*, 899 F. 3d at 1003.  Plaintiff should be given the opportunity to amend the complaint should this Court find the pleadings deficient.  Defendant's argument that amendment would be futile is solely based on a disputed question of fact — whether the Plaintiff's mark is merely descriptive — that should not be decided on a motion to dismiss.  Amendment to the complaint would not produce an undue delay in litigation, is sought in good faith, and would not prejudice the opposing party.  *See AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

/ / /

/ / /

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the court deny Defendant's

motion to dismiss or otherwise grant Plaintiff leave to amend the complaint.

Dated: Feb. 26, 2021                              Respectfully submitted,

                                   */s/ Sandra S. Gustitus*
                                  Sandra S. Gustitus, OSB No. 143298
                                  Chenoweth Law Group, PC
                                  510 SW Fifth Avenue, Fourth Floor
                                  Portland, OR  97204
                                  Telephone: (503) 221-7958
                                  Facsimile: (503) 221-2182
                                  E-mail: sgustitus@chenowethlaw.com

                                  Kristin Grant, *pro hac vice*
                                  Grant Attorneys at Law PLLC
                                  40 Exchange Place, Suite 1306
                                  New York, NY 10005
                                  Telephone:  212-520-7881
                                  Facsimile:  212-520-7883
                                  E-mail: kgrant@grantipattorneys.com

                                  *Attorneys for Plaintiff Boyajian Products, LLC*