**Sean D. O'Brien**, OSB No. 141703
Sean.obrien@millernash.com
**John C. Clarke**, OSB No. 153245
john.clarke@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  503.224.5858
Facsimile:  503.224.0155

**Frederic B. Jennings** *pro hac vice*
fjennings@law.fordham.edu
44 Court Street, Suite 1217
Brooklyn, New York  11201

       Attorneys for Defendant Enby LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BOYAJIAN PRODUCTS, LLC,<br><br>         Plaintiff,<br><br>   v.<br><br>ENBY LLC,<br><br>         Defendant. | No. 3:20-cv-01991-HZ<br><br>DEFENDANT ENBY LLC'S<br>REPLY TO MOTION TO DISMISS<br><br>**Oral Argument Requested** |

## INTRODUCTION

      Boyajian confirms that it does not (and cannot) allege sufficient facts to establish that the term "enby," a widely-used term to refer to non-binary people, is exclusively or meaningfully associated with its product. In other words, Boyajian cannot "own" a descriptive like enby. Accordingly, Boyajian cannot state a valid claim against Enby LLC, a small business that uses "enby" in its company name and materials.

Page 1 -    Defendant Enby LLC's Reply to Motion to Dismiss

Boyajian concedes that it has no basis to allege a claim under Oregon's Unlawful Trade Practices Act, and therefore voluntarily dismisses that claim. To avoid dismissal of its other claims, Boyajian argues that (1) the Court should not address documents incorporated by reference in its complaint and the adequacy of its factual allegations at the pleading stage; (2) it alleges plausible claims for trademark infringement; (3) it has standing to assert a federal trademark claim; (4) it alleges a valid common law trademark claim under Oregon law; and (5) even if dismissed, the Court should grant leave to amend.

As set forth in its motion, Enby LLC challenges the adequacy of the factual allegations in Boyajian's complaint, which is not a dispute about "merits" and "evidence," as Boyajian suggests. Enby LLC relies solely on the allegations in the complaint, documents subject to judicial notice, and documents incorporated by reference in the complaint. Even accepting the allegations as true and in the light most favorable to Boyajian, their complaint attempts to allege a valid mark in a bare, conclusory fashion, which is not sufficient to state a claim under federal and state law. Hence, Boyajian is not entitled to offer evidence to support its claims.

Because Boyajian cannot cure the deficiencies in its complaint, Enby LLC seeks dismissal of the complaint with prejudice and without leave to amend.

## ARGUMENT

I.     **Judicial Notice of Public Record and Documents Incorporated by Reference in Boyajian's Complaint is Proper.**

Boyajian devotes most of its response to reciting generic pleading standards, arguing that the Court should not address factual allegations in its complaint on a motion to dismiss, including facts subject to judicial notice and incorporated by reference. Response (Dkt. 23) at 2-6.

Boyajian's response misstates federal pleading requirements. As set forth in its motion, Enby LLC challenges the adequacy of the conclusory allegations in Boyajian's

Page 2 -     Defendant Enby LLC's Reply to Motion to Dismiss

complaint under Rule 12(b)(6), understanding that the Court must accept any factual allegations as true for purposes of this motion. To overcome a motion to dismiss, however, a plaintiff must allege a plausible claim, and more than "threadbare recitals * * * supported by mere conclusory statements" since "mere conclusions are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Boyajian cites no authorities to support its argument that Enby LLC cannot challenge the complaint on a motion to dismiss.

In addition to the allegations in the complaint, a court may consider facts beyond the pleadings without converting a Rule 12(b)(6) motion into a motion for summary judgment under two exceptions: (1) judicial notice of undisputed facts of public record, and (2) facts in documents incorporated by reference in the complaint. Motion (Dkt. 13) at 5 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (discussing that a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment)). As set forth in its motion, Enby LLC requests judicial notice of the USPTO's denial of Boyajian's application for trademark registration, and magazine articles incorporated by reference in Boyajian's complaint. Motion at 4-6. Boyajian asserts two primary challenges to the court considering those facts.

First, Boyajian challenges consideration of its abandoned USPTO application on a motion to dismiss, citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018). In *Khoja*, the court properly cautioned that "a court cannot take judicial notice of disputed facts contained in such public records." *Id.* at 999. Boyajian does not, however, contest many, if not most, of the facts in the USPTO's public record. The public record is therefore appropriate for judicial notice of the undisputed facts.

Boyajian does appear to take issue with one fact in the USPTO Application: the examining attorney's finding that the "ENBY" mark is descriptive. Boyajian ignores, however, that it failed to respond to the examining attorney's official action, and, consequently, Boyajian

Page 3 -    Defendant Enby LLC's Reply to Motion to Dismiss

abandoned the application as of December 30, 2019. *See* Jennings Decl. Ex. 1 (Dkt. 13-2) at 4.

The examining attorney's finding is therefore an undisputed fact of public record appropriate for

judicial notice. Regardless, Boyajian's USPTO application reveals context for this lawsuit,

demonstrating that Boyajian was aware of the merely descriptive nature of the term "enby" and

still fails to allege that its mark acquired distinctiveness through secondary meaning for purposes

of stating a claim under state and federal trademark law, as discussed below.

Second, Boyajian opposes any consideration of magazine articles that are

expressly referenced in its complaint. Similar to the USPTO application, the articles provide

context to Boyajian's claim that it has a valid and protectable trademark, despite the fact that

"enby" is merely a descriptive term. Because the complaint incorporates the documents by

reference and no party questions the authenticity of the facts, the articles are appropriate for the

court to consider for purposes of this motion. Motion at 6 (citing Compl. ¶ 14); *Marder v. Lopez*,

450 F.3d 445, 448 (9th Cir. 2006).

Boyajian relies on *Coto Settlement* to challenge the Court's consideration of the

magazine articles. Response at 5. In *Coto Settlement*, however, the court applied a broad

standard, holding that a document is incorporated by reference even when that document is not

explicitly referenced in the complaint, but it addresses facts central to the complaint and its

authenticity is not in dispute. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)

(incorporation by reference doctrine is appropriate "in situations where the complaint necessarily

relies upon a document."). Unlike the facts in *Coto Settlement*, the articles Enby LLC cites in its

motion are explicitly referenced in Boyajian's complaint for the allegation that its mark and

products received media coverage. Compl. ¶ 14. Boyajian does not dispute the documents'

authenticity, and does not dispute any facts in the articles, so it is odd that Boyajian would object

to the Court taking notice of those articles. The articles are therefore appropriate to consider for

purposes of this motion.

Accordingly, Enby LLC requests that the Court take judicial notice of the USPTO application and the magazine articles incorporated by reference in Boyajian's complaint.

## II.     Boyajian Cannot Allege a Viable Federal Trademark Claim.

As set forth in Enby LLC's motion, to allege a plausible trademark infringement claim, Boyajian must allege that it has a valid, protectable mark. Motion at 7. Because Boyajian does not have a federal registration of its alleged mark, it bears the burden of affirmatively alleging validity, including that the claimed mark is distinctive. Motion at 7 (citing *Zobmondo Entertainment, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010)). An unregistered mark is not presumed to be distinctive, but must either (1) be inherently distinctive, or (2) have acquired distinctiveness through secondary meaning. Motion at 7 (citing *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205-210-11 (2000)). Boyajian's complaint does not satisfy either element.

### A.     The Mark is Not Inherently Distinctive.

As set forth in the opening brief, Boyajian does not allege any facts that the ENBY mark is inherently distinctive. *See* Motion at 8. For the first time in its response, Boyajian asserts that its mark is "suggestive" and therefore inherently distinctive. Response at 8. The complaint, however, contains no allegations reflecting that the mark is suggestive.

### B.     The Mark has Not Acquired Distinctiveness through Secondary Meaning.

Addressing the distinctiveness of its mark through secondary meaning, Boyajian describes its ENBY product as "a toy for *everyone*, regardless of their sexual orientation or gender." Response at 2. In addition to being an allegation not raised in the complaint, Boyajian confirms with this statement that the ENBY product is a non-binary, or "enby," toy. In doing so, Boyajian confirms that its mark is not fanciful, arbitrary, or suggestive but is instead descriptive.

Because the mark is not alleged to be fanciful, arbitrary, or suggestive, Boyajian must allege facts sufficient to meet the additional burden of establishing that the mark acquired

4835-8572-9504.4

distinctiveness through secondary meaning. *See* Motion at 8 (citing *Filipino Yellow Pages Inc. v. Asian Journal Publications, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999) ("Such a weak descriptive mark could be a valid trademark only with a strong showing of secondary meaning.")). Boyajian, however, does not allege sufficient facts to establish secondary meaning in its use of the term "enby."

Secondary meaning is the "mental association by a substantial segment of consumers and potential consumers between the alleged mark and a single source of the product." *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985) (internal quotation omitted); *Levi Strauss & Co. v. Blue Bell, Inc.*, 632 F.2d 817, 820 (9th Cir. 1980) (holding that secondary meaning requires "association."). While secondary meaning can be established in different ways, general allegations of secondary meaning or distinctiveness are inadequate to state a claim. *See Kittrich Corp. v. United Indus. Corp.*, 2017 WL 10434389, at *6 (C.D. Cal. Oct. 18, 2017) (dismissing trade dress claim where plaintiff's conclusory allegations of distinctiveness and secondary meaning did not "allege[] concrete facts [] to support any of these assertions. "); *Green Crush LLC v. Paradise Splash I, Inc.*, 2018 WL 4940825, at *5 (C.D. Cal. May 3, 2018) ("Plaintiff's allegations lack specificity about the breadth or temporal span of its advertising, the amount spent on advertising, or examples of customer recognition."); *Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, 106 U.S.P.Q.2d 1756, 1762 (S.D.N.Y. 2012) (granting motion to dismiss where "[a]lthough the Amended Complaint does allege that plaintiff's trade dress has become associated with the [plaintiff's product] in the eyes of the public, there are no facts alleged to support this conclusion."); *Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 343–344 (E.D.N.Y. 2014) (granting motion to dismiss where "while the second amended consolidated complaint alleges that [plaintiff] has continuously and exclusively sold [plaintiff's product] since 1998 and that the market has come

4835-8572-9504.4

to associate the distinctive elements of the [plaintiff's product] with [plaintiff], there are no specific facts alleged to support this conclusory claim.").

Boyajian contends that it is the "exclusive owner of the ENBY mark in relation to the sale of sex toys in the United States since June 2019." Response at 2. Boyajian's assertion, however, does not establish "exclusive use" for purposes of establishing secondary meaning. The use must be exclusive use of the term itself in the mind of the relevant consumer. The primary inquiry is to the consumer's attitude about the mark in question: does it denote to the consumer "a single thing coming from a single source?" *Carter-Wallace, Inc. v. Procter Gamble Co.*, 434 F.2d 794, 802 (9th Cir. 1970); *beef & brew, inc. v. Beef & Brew, Inc.*, 389 F. Supp. 179, 185 (D. Or. 1974) ("The name must leap to primary significance, and the plaintiff has the burden of proving that the leap has occurred."); *Green Crush LLC v. Paradise Splash I, Inc.*, 2018 WL 4940825, at *5 (C.D. Cal. May 3, 2018) ("Plaintiff has failed to allege that the consumers associate the purported [mark] with Plaintiff.").

Boyajian does not allege facts demonstrating that it conducted any surveys, specifying the amount or manner of its advertising, or identifying the amount of sales and number of customers it has for its alleged product, among other things. Boyajian's allegations are not sufficient to establish distinctiveness through secondary meaning. Boyajian's allegation that the mark has acquired distinctiveness based on unspecified expenditures and efforts is, without more, insufficient to state a claim.

As reflected in the *amicus curiae* brief supporting this motion, more than 500 people have illustrated the use of the term "enby" by themselves and others to describe their gender. The amicus brief shows that the term is neither exclusively nor primarily one which brings to mind Boyajian's product. Accordingly, there is no source identification in the term "enby." Before Boyajian is entitled to take discovery and offer evidence to support its claims, it

4835-8572-9504.4

must adequately plead that this term, which is in ongoing widespread use, is a protectable mark. Boyajian has not done so.

To overcome dismissal, Boyajian relies on *Kremerman v. Open Source Steel, LLC*, 2017 WL 3970894, *5 (W.D. Wa. 2017) and *Glassybaby, LLC v. Provide Gifts, Inc.*, 2011 WL 2218583 (W.D. Wa. 2011) to argue that its allegations sufficiently allege distinctiveness through secondary meaning. These two cases, however, go against the weight of authority. McCarthy on Trademarks and Unfair Competition § 32:202 & n.2 (5th ed.) ("Most federal courts will find that plaintiff's mere conclusory assertion that a non-inherently distinctive mark or trade dress has acquired secondary meaning is not sufficient to withstand a Rule 12(b)(6) motion to dismiss.") (citing *Kremerman* as an outlier). The court in *Kremerman* relied on *Glassybaby* and, ultimately, on a statement from the Ninth Circuit that "[w]hether a claimed mark has obtained a secondary meaning is a question of fact to be determined by a jury." *Kremerman*, 2017 WL 3970894, *5 (quoting *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 991 (9th Cir. 2006). But Enby LLC is not asking the Court to determine whether the mark has obtained secondary meaning, only whether Boyajian has pleaded a valid, protectable mark.

Because Boyajian has not pleaded that the ENBY mark is inherently distinctive and fails to establish that the mark acquired distinctiveness through secondary meaning, Boyajian does not allege a valid, protectable mark. Accordingly, the Court should dismiss Boyajian's claim under federal trademark law.

## III.    Boyajian Fails to Overcome its Lack of Standing to Assert a Trademark Claim under Federal Law.

Boyajian's response on standing restates the conclusory allegations in its complaint, which, as set forth above, are insufficient to state a claim. Boyajian does not allege that it is the owner of a federal mark registration, does not allege that it is the owner of a valid, unregistered mark because it alleges no acquired distinctiveness, and does not allege that it

4835-8572-9504.4

otherwise has some cognizable interest in the allegedly infringed trademark. Accordingly, Boyajian lacks standing to bring a federal claim.

## IV.       Boyajian Fails to Allege a Valid Trademark Claim Under Oregon Law.

Without alleging a valid, protectable mark, Boyajian cannot maintain a claim under Oregon trademark law. Boyajian relies on two Oregon cases from the 1960s to argue that "[u]nder Oregon law, there is no one test for proving secondary meaning." *Lift Truck, Inc. v. Bourne*, 235 Or. 446, 450 (1963). Boyajian's citation, however, does not reflect the pleading standards under Oregon trademark law.

Oregon trademark law applies essentially the same standards as federal law. *See Frostig v. Saga Enterprises, Inc.*, 272 Or. 565, 570 (1975); *Woodburn Const. v. Gen. Development*, 53 Or. App. 349, 352 (1981); *Classic Instruments, Inc. v. VDO-Argo Instruments, Inc.*, 73 Or. App. 732, 736-42 (1985) (analyzing state and federal trademark claims under a single analysis). Under Oregon law, Boyajian's conclusory allegations fail to establish that its ENBY mark has acquired secondary meaning.[1] Boyajian's state trademark claim therefore fails for the same reason as the federal claim.

## V.       Boyajian Cannot Cure its Pleading Deficiencies Through Amendment.

Boyajian does not allege sufficient facts to support its position that the term "enby"—a merely descriptive term when applied to a product intended for enby people—is entitled to protection as a mark, and cannot plead around the circumstance that its mark is unlikely to ever achieve secondary meaning given the widespread use of the term "enby" to describe non-binary people. Boyajian is familiar with the legal elements of its claims and the

---

[1] Boyajian cites *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 212 (9th Cir. 1957) to imply that its allegations are impervious to review at the pleading stage. Federal pleading requirements, however, require Boyajian to allege plausible facts sufficient to state a valid claim. Boyajian's failure to do so has appropriately subjected its complaint to a motion to dismiss under Rule 12(b)(6).

4835-8572-9504.4

facts necessary to allege them. The public record and Boyajian's own filings, however, establish

that Boyajian knows the term enby is widely used to describe non-binary people and that it lacks

distinctiveness through secondary meaning. Because amendment would be futile, the Court

should deny Boyajian's request for leave to amend.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Enby LLC's opening brief,

Enby LLC respectfully requests that the Court grant this motion and issue an order dismissing

the complaint with prejudice and without leave to amend.

DATED:  March 19, 2021

MILLER NASH GRAHAM & DUNN LLP


*s/ Sean D. O'Brien*
Sean D. O'Brien, OSB No. 141703
sean.obrien@millernash.com
John C. Clarke, OSB No. 153245
john.clarke@millernash.com
Phone:  503.224.5858
Fax:  503.224.0155

and

*s/ Frederic B. Jennings*
Frederic B. Jennings (FJ7723) (pro hac vice)
fjennings@law.fordham.edu
44 Court Street, Suite 1217
Brooklyn, New York 11201
Phone:  978.944.2753

Attorneys for Defendant Enby LLC

Page 10 -    Defendant Enby LLC's Reply to Motion to Dismiss

4835-8572-9504.4

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Defendant Enby LLC's Reply to Motion to Dismiss on the attorney or party listed below on the date set forth below by the method(s) indicated:

| | | |
|---|---|---|
| Sandra S. Gustitus, OSB No. 143298 | ☐ | First-class mail, postage prepaid |
| Chenoweth Law Group, PC | ☐ | Facsimile, pursuant to ORCP 9 F |
| 510 SW Fifth Avenue, Fourth Floor | ☐ | Hand-delivery |
| Portland, OR 97204 | ☐ | E-mail, pursuant to ORCP 9 G |
| E-mail: sgustitus@chenowethlaw.com | ☒ | E-mail copy, as a courtesy only |
| | ☒ | CM/ECF FILING SYSTEM, if registered at the party's email address as recorded on the date of service in the eFiling system. |
| Attorneys for Plaintiff Boyajian Products, LLC | ☐ | Other |

| | | |
|---|---|---|
| Kristin Grant | ☐ | First-class mail, postage prepaid |
| Grant Attorneys at Law PLLC | ☐ | Facsimile, pursuant to ORCP 9 F |
| 40 Exchange Place, Suite 1306 | ☐ | Hand-delivery |
| New York, NY 10005 | ☐ | Overnight courier, delivery prepaid |
| Email: kgrant@grantipattorneys.com | ☐ | E-mail, pursuant to ORCP 9 G |
| | ☒ | E-mail copy, as a courtesy only |
| | ☒ | CM/ECF FILING SYSTEM, if registered at the party's email address as recorded on the date of service in the eFiling system. |
| | ☐ | Other |

Attorneys for Plaintiff Boyajian Products, LLC

DATED:  March 19, 2021.

MILLER NASH GRAHAM & DUNN LLP

_s/ Sean D. O'Brien_____
 Sean D. O'Brien, OSB No. 141703
 John C. Clarke, OSB No. 153245

   Of Attorneys for Defendant Enby LLC

Page 1 -    Certificate of Service

4835-8572-9504.4