IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BOYAJIAN PRODUCTS, LLC,

        Plaintiff,

v.

ENBY LLC,

        Defendant.

No. 3:20-cv-01991-HZ

OPINION & ORDER

Kristin Grant
Grant Attorneys at Law PLLC
40 Exchange Place, Suite 1306
New York, NY 10005

Sandra S. Gustitus
Chenoweth Law Group, PC
510 SW Fifth Ave, Fourth Floor
Portland, OR 97204

        Attorneys for Plaintiff

Frederic Beach Jennings
Frederic Jennings
44 Court Street
Suite 1217 PMB94788
Brooklyn, NY 11201

1 – OPINION & ORDER

Remy Green
Cohen&Green P.L.L.C.
1639 Centre St.
Suite 216
Ridgewood, NY 11385

Sean D. O'Brien
John Clarke
Miller Nash LLP
111 SW Fifth Avenue
Suite 3400
Portland, OR 97204

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

      Plaintiff Boyajian Products, LLC, sues Defendant Enby LLC for trademark infringement. Defendant now moves to dismiss the Complaint, arguing that Plaintiff fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court grants Defendant's motion with leave to amend.

## BACKGROUND

      Plaintiff sells sex toys and related goods. Compl. ¶ 7, ECF 1. Around June 2019, Plaintiff launched a sex toy under the ENBY mark. Compl. ¶ 7. The ENBY is a vibrator designed for use by anyone—regardless of gender. Pl.'s Resp. Opp'n Mot. to Dismiss ("Pl. Response") 2, ECF 23.

      Before launching the ENBY vibrator, Plaintiff tried to register the ENBY mark with the United States Patent and Trademark Office ("USPTO").[1] U.S. Trademark Application Serial No. 88282201 (filed Feb. 2, 2019) ("USPTO Appl."). After the examining attorney first refused to

---

[1] The Court takes judicial notice of Plaintiff's application with the USPTO only for the limited purpose of demonstrating that the filings and actions described therein occurred on certain dates. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (explaining that a court cannot take judicial notice of disputed facts, even if they appear in a public record).

register the mark, Plaintiff responded and requested that the examining attorney reconsider. USPTO Appl. Denying the application for a final time, the examining attorney again concluded that the mark was merely descriptive and thus not suitable for registration. USPTO Appl. Plaintiff declined to file another response or an appeal to the Trademark Trial and Appeal Board. USPTO Appl. In late 2019, the USPTO deemed Plaintiff's application abandoned. USPTO Appl.

Since launch, "Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its rechargeable vibrator sold under the ENBY mark." Compl. ¶ 12. So, despite the USPTO's conclusion the ENBY mark is merely descriptive, Plaintiff alleges that the "mark has come to signify the high quality of the goods designated by the ENBY mark, and has acquired distinctiveness, incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff." Compl. ¶ 13. In support, Plaintiff alleges that the "ENBY mark and its goods offered thereunder have received significant unsolicited coverage in various media, including but not limited to coverage in various print and online magazines . . . and has also been featured on [a] popular . . . television show." Compl. ¶ 14.

Defendant also sells sex toys and related goods. Compl. ¶ 15. Around September 2020, it debuted an online retail store, www.shopenby.com, allegedly using the ENBY mark. Compl. ¶ 15.

In the Complaint, Plaintiff alleges trademark infringement claims. Compl. ¶¶ 7–36. Plaintiff asserts that Defendant's use of the ENBY mark (www.shopenby.com) is "confusingly similar to Plaintiff's ENBY mark and is likely to cause consumer confusion as to the origination of the goods and services." Compl. ¶ 16. And so, Plaintiff alleges, this confusion will mislead consumers into associating Defendant's goods and services with Plaintiff's—irreparably harming Plaintiff and "its valuable reputation and goodwill." Compl. ¶ 20. Accordingly, Plaintiff seeks

damages and injunctive relief under the Lanham Act ("the Act") and Oregon state law. Compl. ¶¶ 21–36.

## STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

**DISCUSSION**

Defendant argues that Plaintiff's Complaint should be dismissed because it does not sufficiently allege that the ENBY mark is a valid, protectable mark. Def. Mot. Dismiss ("Def. Mot.") 4, ECF. 13. Plaintiff responds that the Complaint contains sufficient detail and that Defendant's motion improperly seeks "to introduce disputed evidence and argue the merits." Pl. Resp. 2. Although the Court agrees that it will not determine the distinctiveness of the ENBY mark at this stage of the proceedings, it must determine whether Plaintiff has pleaded "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555.

A.   Background on trademark infringement claims

Under the Lanham Act, a trademark is a "word, name, symbol, or device" that a merchant or manufacturer uses "to identify and distinguish his or her goods . . . from those manufactured or sold by others." 15 U.S.C. § 1127. "To show trademark infringement, [Plaintiff] must demonstrate that it owns a valid mark, and thus a protectable interest, and it must show that [Defendant]'s use of the mark is likely to cause confusion, or to cause mistake, or to deceive." *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1196 (9th Cir. 2009) (internal quotation marks and citations omitted). Even an unregistered mark, like Plaintiff's, may be protected under the Act. *Id.*; *see also Iancu v. Brunetti*, 139 S. Ct. 2294, 2297 (2019) ("Registration of a mark is not mandatory."). To establish that its unregistered mark is valid and protected, Plaintiff must prove that it is distinctive. *Lahoti*, 586 F.3d at 1196; *see also Zobmondo Ent., LLC v. Falls Media, LLC* 602 F.3d 1108, 1114 (9th Cir. 2010) (explaining that federal registration is "prima facie evidence" of a mark's validity and "entitles the plaintiff to a strong presumption that the mark is a protectable mark").

5 – OPINION & ORDER

"Distinctiveness measures the primary significance of the mark to the purchasing public." *Zobmondo*, 602 F.3d at 1113 (internal quotation marks and citation omitted). Marks fall within "one of five categories of increasing distinctiveness: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful." *Id.* Marks that fall within one of the last three categories—suggestive, arbitrary, and fanciful—are inherently distinctive and "automatically entitled to federal trademark protection because their intrinsic nature serves to identify a particular source of a product." *Id.* (internal quotations and citation omitted). At the opposite end of the distinctiveness spectrum, generic marks are not protected. *Id.* In the middle, "merely descriptive marks are somewhere in-between; although they are not inherently distinctive and are therefore not entitled to automatic trademark protection, a merely descriptive mark can become protectable if it has acquired distinctiveness [through] . . . secondary meaning." *Id.* Where a mark falls on the spectrum is "an intensely factual issue." *Id.*

After showing that it owns a valid mark, "[Plaintiff] must prove [that] the [D]efendant's use of the same or similar mark would create a likelihood of consumer confusion." *Murray v. Cable Nat. Broad. Co.*, 86 F.3d 858, 860 (9th Cir. 1996), *as amended* (Aug. 6, 1996). Applying an eight-factor test, the court considers "whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks." *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 935 (9th Cir. 2015).

B.  Whether "ENBY" is distinctive as a matter of law

Here, Defendant first urges the Court to determine that the ENBY mark is not distinctive as a matter of law. Def. Mot. 2–3, 7–10. If the Court determines the ENBY mark is not distinctive, it is not protected under the Act or state law, and therefore Plaintiff would fail to state any valid claim. In support, Defendant references the USPTO's decision to deny registration and

several articles discussing Plaintiff's ENBY vibrator. These materials describe the ENBY mark as descriptive, stating that the term "enby" refers to non-binary individuals (non-binary = N.B. = enby). Even assuming, skeptically, that these materials were incorporated by reference into Plaintiff's Complaint, the Court declines to determine this fact-intensive question at this stage in the proceedings. *See, e.g.*, *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002) ("Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena."). "Deciding whether a mark is distinctive or merely descriptive is far from an exact science and is a tricky business at best." *Lahoti*, 586 F.3d at 1197 (internal quotation marks and citations omitted). Simply put, the ENBY mark is not so plainly on the unprotected end of the distinctiveness spectrum that it can be weighed and found wanting with no factual development. *See id.* ("Some cases pose an easy conclusion that a mark is merely descriptive . . . [like] a restaurant chain [that] sought a trademark in a name such as "Delicious Foods.").

      C.      <u>Whether Plaintiff has alleged a plausible claim for relief</u>

Even though the Court declines to determine distinctiveness at this juncture, it still must determine whether Plaintiff has pleaded adequate factual allegations—not merely legal conclusions—to state a plausible claim for relief. In the trademark context, this means factual allegations that support the validity of the mark, i.e., its distinctiveness classification, and factual allegations that show consumers are likely to be confused.

At the outset, the Court notes that many of Plaintiff's allegations are mere legal conclusions. The Court finds the following paragraphs to be conclusory and "not entitled to the assumption of truth," *Kwan v. SanMedica International*, 854 F.3d 1088, 1096 (9th Cir. 2017) (internal quotation marks and citation omitted):

7 – OPINION & ORDER

- As a result of its widespread, continuous, and exclusive use of the ENBY mark to identify its rechargeable vibrator and Plaintiff as its source, Plaintiff owns valid and subsisting rights to the ENBY mark. Compl. ¶ 9.

- As a result of Plaintiff's expenditures and efforts, the ENBY mark has come to signify the high quality of the goods designated by the ENBY mark, and has acquired distinctiveness, incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff. Compl. ¶ 13.

- The Infringing Mark is confusingly similar to Plaintiff's ENBY mark and is likely to cause consumer confusion as to the origination of the goods and services. Compl. ¶ 16.

- Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's goods and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's goods and services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff. Compl. ¶ 19.

- Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law. Compl. ¶ 20.

Like the allegations above, the Court also finds that paragraphs 21–36, wherein Plaintiff lists its causes of action, are equally conclusory. Setting these conclusory allegations aside, the Court is left with the following allegations to support Plaintiff's trademark infringement claims:

- In or about June 2019, Plaintiff launched a rechargeable vibrator under the ENBY trademark. Compl. ¶ 7.

- Plaintiff has used the ENBY mark in commerce throughout the United States and internationally continuously since as early as June 2019 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising and promotion of its rechargeable vibrator. Compl. ¶ 8.

- Since at least as early as June 5, 2019 Plaintiff has sold its rechargeable vibrator under the ENBY mark to consumers in the State of Oregon. Compl. ¶ 10. To date, Plaintiff has made a substantial number of sales and shipments to consumers located in the State of Oregon. Compl. ¶ 11.

8 – OPINION & ORDER

- Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its rechargeable vibrator sold under the ENBY mark. Compl. ¶ 12.

- Plaintiff's ENBY mark and its goods offered thereunder have received significant unsolicited coverage in various media, including but not limited to coverage in various print and online magazines some of which include Cosmopolitan, Allure, Shape, Men's Health, Ask Men, and Healthline, and has also been featured on the popular HBO television show Real Time With Bill [Maher]. Compl. ¶ 14.

- Without authorization, and upon information and belief, in or about September 2020 Defendant launched an online retail store selling sex toys and related goods under the ENBY mark at the domain www.shopenby.com to consumers throughout the United States ("Infringing Mark"). Compl. ¶ 15.

- On October 16, 2020, Plaintiff, through counsel, sent a letter to Defendant alerting them to Plaintiff's rights and requesting that they stop using the Infringing Mark in connection with the promotion, marketing, advertising, offering to sell, selling or distributing of any and all sex toys and related goods. Compl. ¶ 17.

- To date, Plaintiff has received no response to the substance of its cease and desist letter and, after reasonable inquiry, has no evidence that Defendant has complied or intends to comply with the demands set out in Plaintiff's letter. Compl. ¶ 18.

Accepting these allegations as true and viewing them in the light most favorable to Plaintiff, they do not give rise to "more than a sheer possibility that [Defendant] has acted unlawfully." *Kwan*, 854 F.3d at 1096 (internal quotation marks and citation omitted). Plaintiff's factual allegations fail to plausibly allege that it owns a valid, protectable trademark because they offer little regarding the distinctive nature of the mark or Plaintiff's use of the mark. For example, simply alleging that "Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its rechargeable vibrator sold under the ENBY mark" without describing any such advertisements or other promotional materials offers little detail on "the primary significance of the mark to the purchasing public." *Zobmondo*, 602 F.3d at 1113. Much less that the public would perceive the ENBY mark as inherently distinctive or as descriptive with a secondary meaning—that is, as more than generic—thus rendering the mark

protectable. Indeed, there is not one well-pleaded allegation describing the meaning—or lack thereof—of the ENBY mark to the purchasing public. For instance, there is no allegation that the ENBY mark is a made-up word with no logical connection to Plaintiff's vibrator, *Lahoti*, 586 F.3d at 1197 (describing fanciful marks), or that the mark describes some aspect of the Plaintiff's vibrator or its intended users but has acquired a secondary meaning, *Entrepreneur Media*, 279 F.3d at 1142 (finding a mark descriptive because it described the "subject matter and the intended audience of the [good]"); *Zobmondo*, 602 F.3d at 1113 (explaining that descriptive marks are nonetheless protectable when they have acquired a secondary meaning "as used on or in connection with the [plaintiff]'s goods or services"). Because proving distinctiveness is an "intensely factual issue," *Zobmondo*, 602 F.3d at 1113, Plaintiff must allege more than the cursory, perfunctory allegations that currently compose the Complaint. *See, e.g.*, *Dow Jones & Co., Inc. v. Int'l Sec. Exch., Inc.*, 451 F.3d 295, 307 (2d Cir. 2006) ("As to the trademark claims, [plaintiff]'s complaint, consists of conclusory allegations unsupported by factual assertions and therefore it fails even the liberal standard of Rule 12(b)(6)." (internal quotation marks and citations omitted)). Even drawing all reasonable inferences in Plaintiff's favor, the Complaint's barebones allegations fail to allege that the ENBY mark is valid, protectable trademark. In sum, Plaintiff fails to state a claim under the Lanham Act or Oregon state law because it has not alleged an element of each claim: the existence of a protectable trademark.[2]

---

[2] In Plaintiff's Response, it stated that it will voluntarily dismiss an unfair trade practices claim brought under Oregon law. Pl. Resp. 11. Thus, the Court does not consider that claim here, and the Court expects Plaintiff to omit it from any amended complaint. Further, although the Court need not consider whether Plaintiff plausibly alleged the second half of trademark infringement—customer confusion—the Court encourages Plaintiff to consider carefully the factual allegations supporting that facet of its claims.

## CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss [13]. Because leave to amend is freely given, and it is not obvious that amendment would be futile, the Court grants Plaintiff leave to amend. Fed. R. Civ. P. 15(a)(2). If Plaintiff intends to file an amended complaint, it must do so within 30 days of this Opinion & Order.

IT IS SO ORDERED.

DATED:___November 1, 2021_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge