**Sean D. O'Brien**, OSB No. 141703
sean.obrien@millernash.com
**John C. Clarke**, OSB No. 153245
john.clarke@millernash.com
MILLER NASH LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Phone: 503.224.5858
Fax: 503.224.0155

**Frederic B. Jennings** *pro hac vice*
fjennings@law.fordham.edu
44 Court Street, Suite 1217
Brooklyn, New York 11201

Attorneys for Defendant Enby LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BOYAJIAN PRODUCTS, LLC, | No. 3:20-cv-01991-HZ |
| Plaintiff, | DEFENDANT ENBY LLC'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT |
| v. | |
| ENBY LLC, | **Oral Argument Requested** |
| Defendant. | |

### I.     LR 7-1 COMPLIANCE

In accordance with Local Rule 7-1, counsel for defendant Enby LLC ("Enby") certifies that they made a good-faith effort to resolve the issues set forth in this motion by conferring with counsel for plaintiff Boyajian Products, LLC ("Boyajian"), but the parties have been unable to resolve the issues.

Page 1 -     Defendant Enby LLC's Motion to Dismiss Second Amended Complaint

**II.      INTRODUCTION**

This lawsuit arises from the use of the term "enby," a term used to refer to non-binary people. *See* 2d Am. Compl., ECF No. 34, ¶ 11 ("The term ENBY is the phonetic pronunciation of 'NB,' the initials for the word non-binary").

In November 2020, Boyajian filed this action to prevent Enby LLC, a small business in Oregon, from using the term "enby" in its company name, website, and other materials. Boyajian alleges causes of action for unfair competition under 15 U.S.C. 1125(a), and unfair competition and trademark infringement under Oregon common law. Enby moved to dismiss the original complaint on January 15, 2021. The Court granted that motion. The action was dismissed with leave to amend by the Court's order on November 1, 2021. *See* Opinion & Order, ECF No. 29. On December 1, 2021, Boyajian filed a First Amended Complaint. *See* ECF No. 30. After discussion between the parties, Boyajian agreed to amend again and filed a Second Amended Complaint on January 28, 2022 (the "Second Amended Complaint"). The Second Amended Complaint still falls short of curing the pleading deficiencies of the original complaint, as it fails to plead a valid, protectable mark.

Although literature, dictionary definitions, and many other publications reflect that the term "enby" for non-binary persons has been in common use since well before Boyajian alleges to have started using the mark, Boyajian claims ownership of valid, subsisting rights in the unregistered trademark ENBY for a rechargeable vibrator. 2d Am. Compl. ¶ 7.

/ / /

/ / /

In the Second Amended Complaint, Boyajian alleges causes of action against Enby LLC for unfair competition under 15 U.S.C. 1125(a), and unfair competition and trademark infringement under Oregon common law. The Second Amended Complaint is twelve pages long, and alleges the following facts:

- Boyajian began to use the ENBY mark for its rechargeable vibrator in or about June 2019 and has used the mark in commerce throughout the United States since that time. 2d Am. Compl. ¶¶ 7, 8.

- Since June 5, 2019, "Plaintiff has sold its rechargeable vibrator under the ENBY mark to consumers in the State of Oregon. On the date of commencement of this action, Plaintiff had sold more than 160 units of its rechargeable vibrator under the ENBY mark to consumers in the State of Oregon, totaling approximately $12,000 in revenue." *Id.* ¶ 15.

- Nationally, Boyajian has sold "more than 6,000 units" of its product, totaling "more than $350,000 in revenue." *Id.* ¶ 16.

- From some unspecified starting point, "Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its rechargeable vibrator sold under the ENBY mark, through paid internet advertising, affiliate marketing, pop up shops, and pride fairs." *Id.* ¶ 17. The complaint cites no particular quantity, minimum value, or range to identify what "substantial" means or to make this allegation anything but conclusion couched as a fact.

- Boyajian's ENBY mark and its goods offered thereunder have received significant unsolicited coverage in various media, including but not limited to coverage in various print and online magazines some of which include Cosmopolitan, Allure, Shape, Men's Health, Ask Men, Nylon, and Healthline, and has also been featured on the popular HBO television show Real Time With Bill [Maher]. *Id.* ¶ 19.

- In or about September 2020, Enby LLC launched an online retail store selling sex toys and related goods under the ENBY mark at the domain www.shopenby.com to consumers throughout the United States. *Id.* ¶ 23.

- On October 16, 2020, Boyajian sent Enby LLC a cease-and-desist letter, to which, Boyajian contends, it received no substantive response. *Id.* ¶¶ 31-32.

Page 3 -    Defendant Enby LLC's Motion to Dismiss Second Amended Complaint

As set forth in Enby's previous motion to dismiss, the critical question of any trademark dispute is "What do the buyers understand by the word for whose use the parties are contending?" *Bayer Co. v. United Drug Co.*, 272 F. 505, 509 (S.D.N.Y. 1921). Buyers in the sex-toy market understand the term "enby" in its ordinary usage to be a term to describe non-binary people, who are among the target consumers for Boyajian's rechargeable vibrator. *See* Memorandum of Law on Behalf of Amici Curiae, ECF No. 15-1, at p. 3 ("In the last decade, 'enby' has entered common use in the queer – and in particular, in the transgender and non-binary – community, as a shortening of 'non-binary'"). Boyajian does not, and cannot, plausibly allege that the term enby is exclusively or meaningfully associated with its product. No additional allegations would change the fact that enby is a widely used term understood by the general public, and the relevant consumers, to refer to an entire gender identity. The Second Amended Complaint should be dismissed with prejudice.

### III.   MOTION

In accordance with Federal Rule of Civil Procedure 12(b)(6), Enby LLC moves this Court for an order dismissing the Second Amended Complaint with prejudice for failure to state a claim. As set forth below, the Second Amended Complaint fails to allege that Boyajian has a valid, protectable mark. Because Boyajian fails to allege ownership of a valid, protectable mark, Boyajian also lacks standing to bring this action.

/ / /

/ / /

/ / /

IV.  **ARGUMENT**

   A.  **Boyajian's Second Amended Complaint Does Not Allege a Viable Federal Trademark Claim Because It Fails to Allege a Valid, Protectable Mark.**

To allege a claim for trademark infringement, "a plaintiff must show that: 1) it has a valid, protectable mark, and 2) the defendant's use of the mark is likely to cause consumer confusion. To be valid and protectable, a mark must be distinctive and non-functional." *OTR Wheel Engineering, Inc. v. West Worldwide Services, Inc.*, 897 F.3d 1008, 1022 (9th Cir. 2018) (internal citations omitted). This standard applies to both unregistered trademarks and unregistered trade dress. *International Jensen, Inc. v. Metrosound U.S.A., Inc.*, 4 F.3d 819, 823 (9th Cir. 1993) (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992)).

As a preliminary matter, federal registration of a trademark creates a presumption of validity. *Zobmondo Entertainment, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010). Boyajian does not allege and does not have a federal registration.

Because the alleged mark is not registered, Boyajian bears the burden of affirmatively demonstrating validity, including that the claimed mark is distinctive. *Zobmondo*, 602 F.3d at 1113. An unregistered mark is not presumed to be distinctive, but must either (1) be inherently distinctive, or (2) have acquired distinctiveness through secondary meaning. *See Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210-11 (2000). Because Boyajian bears the ultimate burden of proof that the trademark is valid, then, the Second Amended Complaint must allege facts sufficient to support an inference of distinctiveness, whether inherent or acquired. *See id.*

/ / /

### B. Boyajian Does Not Plausibly Allege that the Mark is Inherently Distinctive.

In the Second Amended Complaint, Boyajian offers only bare conclusions to allege that the ENBY mark is inherently distinctive. Generally, courts look to five levels of increasing distinctiveness to determine if a mark is protectable: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful. *Zobmondo*, 602 F.3d at 1113 (citing *Two Pesos*, 505 U.S. at 768). Generic marks are per se not protectable, while suggestive, arbitrary, and fanciful marks are per se protectable because those categories are deemed to be inherently distinctive. *Two Pesos*, 505 U.S. at 768.

Boyajian alleges that "Plaintiff's ENBY mark is inherently distinctive as applied to its rechargeable vibrator" and that "ENBY, as used in relation to the Plaintiff's goods, is suggestive." *See* 2d Am. Compl. ¶¶ 11, 13. The allegations offering support for this statement, however, describe the mark only as descriptive: "The term ENBY is the phonetic pronunciation of 'NB,' the initials for the word non-binary…. The general meaning of the term non-binary, as defined in the Cambridge dictionary is 'not simply one thing or another.'…. ENBY, as used in relation to the Plaintiff's goods, is … not for one specific body type or another, one specific sexual orientation or another, or one specific gender identity or another." *Id*. ¶¶ 11-13. Boyajian further alleges, without any clarification, that the "ENBY mark is a pun." *Id*. ¶ 11. Taking Boyajian's pleadings as true, the term is used as "a clear and concise description of a characteristic … of the service [or product] offered," and is thus descriptive. *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 718 F.2d 327, 331 (9th Cir. 1983).

To be suggestive, a mark must require the "exercise of some imagination … to associate a suggestive mark with the product." *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 632 (9th Cir. 2005). A suggestive mark "does not describe the product's features, but suggests

them." *Kendall-Jackson Winery v. E. J. Gallo*, 150 F.3d 1042, 1047 n.8 (9th Cir. 1998). The term "ENBY" as used for a non-binary sex toy marketed, in significant part, to non-binary people, requires no such leap of imagination – rather, it describes a feature of the product and its intended users. *See Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1142 (9th Cir. 2002) (finding "entrepreneur" descriptive of the intended audience of a magazine by the same name); *Shaw-Barton, Inc. v. John Baumgarth Co.*, 313 F.2d 167, 168-69 (7th Cir. 1963) (holding "homemakers" descriptive where it described a "class of individuals toward which the design and proposed use of the product [was] oriented"). Boyajian's factual pleadings support, at most, a descriptive use of the term "enby," an admitted contraction of "non-binary," - as it literally describes their product and a group of its intended users or purchasers. Boyajian does not plausibly plead a suggestive or inherently distinctive mark.

    **C.    Boyajian Does Not Allege that the Mark has Acquired Distinctiveness through Secondary Meaning.**

Boyajian also does not allege sufficient facts to demonstrate that its alleged mark has acquired distinctiveness through secondary meaning. "A trademark that is descriptive and lacks secondary meaning is invalid." *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 910 (9th Cir. 1995). The more highly descriptive the mark, the greater the evidentiary burden to establish secondary meaning. *See, e.g.*, *Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999) ("Such a weak descriptive mark could be a valid trademark only with a strong showing of strong secondary meaning.").

For a descriptive term to have secondary meaning, "the plaintiff 'must show that the primary significance of the term in the minds of the consuming public is not the product but the producer.'" *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1015 (9th Cir. 1985)

Page 7 -    Defendant Enby LLC's Motion to Dismiss Second Amended Complaint

(quoting *Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 118 (1938)). "[T]he relevant purchasing public is not the population at large, but prospective purchasers of the product." *Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 761 (9th Cir.2006). "Secondary meaning can be established in many ways, including (but not limited to) direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant." *Filipino Yellow Pages*, 198 F.3d at 1151. Further, secondary meaning must have accrued by or before the time that the alleged infringement began. *See Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 843 (9th Cir. 1987); *see also beef & brew, inc. v. Beef & Brew, Inc.*, 389 F. Supp. 179, 184-85 (D. Or. 1974) ("The . . . issue . . . is whether at the time Defendant opened its first restaurant Plaintiff's name had acquired a secondary meaning.").

The ENBY mark is highly descriptive of the non-binary people who are the target consumers for Boyajian's rechargeable vibrator. *See* Memorandum of Law on Behalf of Amici Curiae, ECF No. 15-1 at 4-5. It is also descriptive of Boyajian's product and its intended consumers. *See* 2d Am. Compl. Ex. 2 ("Named Enby after the acronym NB, short for non-binary, the vibrator is designed to appeal to users across all genders"). Accordingly, Boyajian bears the burden to plead a strong showing of strong secondary meaning. *See Filipino Yellow Pages*, 198 F.3d at 1151.

Boyajian, however, does not allege that it conducted any surveys. Boyajian only alleges sales of "more than 160 units" of its product in Oregon, for "approximately $12,000 in revenue." 2d Am. Compl. ¶ 15. Nationally, Boyajian alleges sales of "more than 6,000 units" of its product, for "more than $350,000 in revenue." *Id*. ¶ 16. Boyajian then realleges the original complaint's

allegation of "substantial time, money, and resources" marketing the product, adding four types of marketing efforts Boyajian undertook. *Id*. ¶ 17. Boyajian also alleges its length of use of the mark - only about fifteen months before Enby LLC is alleged to have launched its online retail store. *Id*. ¶¶ 8, 15.

Boyajian makes a conclusory statement on the result of these efforts, alleging that "the ENBY mark has come to signify the high quality of goods designated by [the] mark…." *Id*. ¶ 18. Despite the new allegations in the Second Amended Complaint, Boyjian's allegations remain "naked assertion" lacking "further factual enhancement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *see also Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, 106 U.S.P.Q.2d 1756, 1762 (S.D.N.Y. 2012) (granting motion to dismiss where "[a]lthough the Amended Complaint does allege that plaintiff's trade dress has become associated with the [plaintiff's product] in the eyes of the public, there are no facts alleged to support this conclusion."). The allegations certainly do not reach the level of "exclusive" use necessary for secondary meaning. *See Yellow Cab Co. v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 930 (9th Cir. 2005).

Further, the Second Amended Complaint includes no allegations as to when any secondary meaning may have been established, even though secondary meaning must have accrued before the alleged infringement began. *See Fuddruckers*, 826 F.2d at 843. Importantly, the Second Amended Complaint alleges that the sales and revenue in Oregon and nationally are as of the "commencement of this action" instead of as of the commencement of the alleged infringement. 2d Am. Compl. ¶¶ 15-16. The interval to when the original complaint was filed is more than 15% longer than the period of time that Boyajian alleges it first used the ENBY mark before Enby LLC began to use the term: seventeen-and-a-half months versus fifteen months.

Page 9 -    Defendant Enby LLC's Motion to Dismiss Second Amended Complaint

Sales occurring after the alleged infringement began are not relevant to Boyajian's allegations of secondary meaning. *See Fuddruckers*, 826 F.2d at 843; *beef & brew*, 389 F. Supp. at 184-85. Accordingly, the allegations in the Second Amended Complaint do not rise to the level making a strong showing of secondary meaning. And a descriptive trademark without secondary meaning is not a valid trademark. *Self-Realization Fellowship Church*, 59 F.3d at 910.

Because Boyajian fails again to plausibly allege that the ENBY mark is either inherently distinctive or that it has acquired distinctiveness through secondary meaning, the Second Amended Complaint does not allege a valid, protectable mark. Accordingly, the Court should dismiss the claim under 15 U.S.C. § 1125(a).

    **D.**    **Boyajian Lacks Standing to Assert a Federal Trademark Claim.**

In addition, Boyajian lacks standing to assert claims under 15 U.S.C. § 1125(a) in the first place. "To establish standing to sue for trademark infringement under the Lanham Act, a plaintiff must show that [they are] either (1) the owner of a federal mark registration, (2) the owner of an unregistered mark, or (3) a non-owner with a cognizable interest in the allegedly infringed trademark." *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1225 (9th Cir. 2008).

As set out above, Boyajian does not allege that it is the owner of a federal mark registration, does not allege that it is the owner of a valid, unregistered mark, and does not allege that it otherwise has some cognizable interest in the allegedly infringed trademark. Accordingly, Boyajian lacks standing to bring a § 1125(a) claim.

    **E.**    **Boyajian Does Not Allege a Valid Claim under Oregon Law.**

Similar to Boyajian's federal law claim, under Oregon law, if the trade name is composed of descriptive terms or personal names, which are not inherently distinctive, Boyajian must

establish that the name has acquired a secondary meaning among the purchasing public. *Ernst Hardware Co. v. Ernst Home Center, Inc.*, 134 Or. App. 560, 895 P.2d 1363, 1365 (1995).

For the same reasons set forth above, the Second Amended Complaint does not allege sufficient facts to support a plausible inference that its ENBY mark has acquired a secondary meaning. Accordingly, the Court should dismiss the claim for unfair competition and trademark infringement under Oregon common law because Boyajian does not allege a valid, protectable mark.

F.     **Boyajian Cannot Cure the Complaint's Pleading Deficiencies.**

In dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 997 (9th Cir. 2000) (quoting *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citations omitted)); *see also See Townsend v. Univ. of Alaska,* 543 F.3d 478, 485 (9th Cir. 2008) ("Leave to amend need not be granted, however, where the amendment would be futile.").

After three attempts at pleading, Boyajian's alleged mark remains merely descriptive and unlikely to ever achieve secondary meaning given the widespread and ongoing use of the term "enby" to describe non-binary people. No additional amendment could plausibly allege a valid, protectable trademark. Even if some secondary meaning were achieved, there is no likelihood of confusion that could be pleaded here, because of the widespread use of the term, and the differences between the parties' use of the term and the products for which they use that term. Because amendment could not cure the pleading deficiencies, amendment would be futile and Boyajian's Second Amended Complaint should be dismissed with prejudice.

V.   **Attorney's Fees Should Be Awarded to Enby LLC**

Boyajian brought this action to suppress Enby LLC's valid right to use the term "enby." Boyajian claimed a valid trademark, knowing it had no right to exclusive use of a widespread, gender-descriptive term. Boyajian also demands forms of relief to which it has no right under the relevant trademark statutes. *See Interstellar Starship Services, Ltd. v. Epix, Inc.*, 304 F.3d 936, 948 (9th Cir. 2002) (Noting that domain-name or website transfer is available in "cybersquatting" claims but not under trademark statutes).

These mistakes, misstatements, and omissions by Boyajian were intentional. The weakness of their claims, and the factually barren or misleading nature of their pleadings, implies Boyajian's bad faith intent in bringing this action. Boyjian filed this lawsuit to intimidate Enby LLC out of using a term which rightly belongs to the public — a term which, for its owners and for many millions of others around the world, is a necessary term to identify themselves, their products, and their businesses.

This case is exceptional, and was brought for an improper purpose. *See SunEarth*, *Inc. v. Sun Earth Solar Power Co. Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc). Boyajian's claims are without legal basis, and include a "just short of frivolous" claim that a term used to describe an entire gender is somehow inherently distinctive or has acquired second meaning based on vague allegations as to marketing efforts and a minimal amount of sales. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002). To compensate Enby for having to respond to this third attempt to stifle their speech, and to deter further abusive trademark claims by Boyajian against others using the term "enby," the Court should award attorney's fees and costs, and such other relief as it finds just and proper, to Enby. *See SunEarth*, 839 F.3d at 1181;

*see also Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 n.6 (2014); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001).

## VI.   CONCLUSION

For the foregoing reasons, Enby LLC respectfully requests that the Court grant this motion and dismiss the Second Amended Complaint with prejudice, and order attorney's fees and costs to Enby LLC.

DATED:  February 18, 2022

MILLER NASH GRAHAM & DUNN LLP

*s/ Sean D. O'Brien*
Sean D. O'Brien, OSB No. 141703
sean.obrien@millernash.com
John C. Clarke, OSB No. 153245
john.clarke@millernash.com
Phone:  503.224.5858
Fax:  503.224.0155

and

Frederic B. Jennings (FJ7723) (pro hac vice)
fjennings@law.fordham.edu
44 Court Street, Suite 1217
Brooklyn, New York 11201
Phone:  978.944.2753

Attorneys for Defendant Enby LLC
Page 13 -   Defendant Enby LLC's Motion to Dismiss Second Amended Complaint