J. Remy Green (*pro hac vice*)
remy@femmelaw.com
**COHEN&GREEN P.L.L.C.**
1639 Centre St., Suite 216
Ridgewood (Queens), New York 11385

J. Ashlee Albies, OSB #051846
ashlee@albiesstark.com
**ALBIES & STARK LLC**
1 SW Columbia Street, Ste. 1850
Portland, Oregon 97204
Phone:          (503) 308.4770
Fax:            (503) 427.9292

Attorneys for *Amici Curiae* 554 Non-Binary Individuals

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BOYAJIAN PRODUCTS, LLC, <br><br>                    *Plaintiff,* <br><br> v. <br><br> ENBY LLC, <br><br>                    *Defendant.* | No. 3:20-cv-01991-HZ <br><br> 554 NON-BINARY INDIVIDUALS' MOTION AND SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS <br><br> *Oral Argument Requested* |

*Amici*, 554 individuals who are non-binary (or "enby"),[1] by and through their undersigned counsel, ask the Court to consider their Brief (Dkt. 20) once again, along with the brief arguments below, in support Defendant's second Motion to

---

[1] A full list of the 554 individual *amici* appears as an addendum to the brief already submitted at Dkt. No. 20.

PAGE - 1

Dismiss. *Amici* also seek permission to have their counsel appear at oral arguments, if the Court holds them. The issues raised in the initial Brief remain — and really, are even more — salient now. In short, Plaintiff has fixed nothing about its Complaint. And given that this is now Plaintiff's third try, the time has come to dismiss the suit (and grant extraordinary case fees).

*Amici* have sought and obtained consent from Defendant Enby LLC. Though Plaintiff Boyajian Products, LLC consented to the filing of the initial Brief, they now have indicated (without explanation) that they intend to oppose this motion.

## DISCUSSION AND STATEMENT OF INTEREST

As with the initial motion, in terms of *amici*'s interest,[2] this case concerns an alleged trademark for the word "enby," and an attempt to restrain its use in a descriptive way. And *amici*'s interest is well-set-out in the initial Brief and initial motion. But in the time since the initial Brief, Plaintiff's conduct has crystalized what is at stake in this case — and why the Court should find this is an extraordinary case and award fees (*see* Dkt. 35 at 12-13).

As *amici* explain in the Brief, the mere existence of this suit is scary to laypeople. The fact that this suit remains ongoing means that actual non-binary people are afraid to one of very few words available to describe themselves in many places — even at a preschool, for example (Lila Garrott-Wejksnora (39, Writer),

---

[2] There is no applicable rule of civil procedure for trial-level *amicus* briefs, but Fed. R. App. P. 29 allows filing of a brief either on consent of all parties, or on a motion which states "the movant's interest" and "the reason why an *amicus* brief is desirable." As with the prior, granted motion, *amici* model their motion on the appellate practice.

PAGE - 2

Dkt. 20 at 19). In other words, Plaintiff's "threat of costly litigation [has] no doubt chill[ed] others from using variants on ['Enby']." *United States PTO v. Booking.com B.V.*, 140 S. Ct. 2298, 2315 (2020) (Breyer, J. dissenting).

And Plaintiff still doesn't seem to grok the basics of trademark: as *amici* previously explained, Boyajian needs to have pled that Shop Enby's use of the term "enby" is not only "to describe the goods or services of a party." *New Kids on the Block v. News Am. Publ'g, Inc.*, 971 F.2d 302, 306 (9th Cir. 1992). That's well-settled. But instead, Plaintiff pleads that their use ***does just that***: "ENBY, as used in relation to the Plaintiff's goods" apparently means "a sex toy for all bodies, not for one specific body type or another, one specific sexual orientation or another, or one specific gender identity or another." Dkt. 34 ¶ 13. Or, put differently, it means "a non-binary toy."

Take another example: despite briefing clearly setting this out, Plaintiff still insists that the marks are being used in "identical" ways. Dkt. 34 ¶¶ 23-25. Wrong. Defendant uses (never mind the nominative fair use point Plaintiff has still not addressed) "Enby" to describe a store run for and by enbies. Plaintiff uses enby to describe a sex toy intended for use by enbies. With narrow marks, that difference matters. Consider a sex toy called "The Boy." Or a magazine called Girl Magazine (Johann Koehle (32, Researcher), Dkt. 20 at 14). Either and both of those marks — even with secondary meaning — would be permitted to cover a "Boy's Store" (even if it sold sex toys as well) or "GirlsLife" Magazine. Yet, Plaintiff still does not (and

cannot) explain why "enby" is different. At this stage, a failure to address this gap is waiver — and borderline frivolous.

Or consider one more: the Court specifically cautioned Plaintiff that "although the Court need not consider whether Plaintiff plausibly alleged the second half of trademark infringement—customer confusion—the Court encourages Plaintiff to consider carefully the factual allegations supporting that facet of its claim." Dkt. 29 at 10. Yet actual confusion *still* is absent from the Complaint — and even the conclusory confusion alleged grows from Plaintiff's attempt to monopolize the *meaning* of "enby." *See, e.g.,* Dkt. 34 ¶ 34 ("Defendant's website demonstrates the likelihood of confusion through the use of an identical mark — suggestively — as a trademark, to sell goods identical to the Plaintiff's goods, with brand messaging that is very similar to Plaintiff's messaging. Defendant's website reads 'shop enby is a safer space for people of all genders to explore pleasure beyond the binary.'").

In short, this case is exceptional because of the sheer chill involved — and because Plaintiff has steadfastly refused to get up to speed on trademark basics. Trademark law itself represents a delicate bargain between the right to free speech and a Constitutional preference to encourage commerce. *Amici* are afraid that Plaintiff will have succeeded in side-stepping that bargain if it does not have to pay the costs it has imposed on shop enby — and if Plaintiff does not learn the lesson now, as *amicx* Elle Dietz (29, researcher) says in the Brief:

> "If I use ['enby'] to describe myself publicly in my own business, what's to stop them from sending me a cease and desist on my own personhood? If they take

PAGE - 4



this word, our identity, from us the non-binary community... then what do we have? Maybe we'll make a new word, but then what's to stop another company from coming and taking it away?"

For *amici*, the stakes here are real.  Plaintiff has gotten three chances to get this right, at no cost.  And an attempt to monopolize the language an already isolated and struggling community has for itself is extraordinary on its face — putting aside Plaintiff's refusal to heed the Court's cautions, or attempt to plug the many holes in its complaint.  That merits fees — anything less risks letting the chill from this suit stand.

      **WHEREFORE**, *amici* request that this Court grant this Motion for Leave to Appear as *Amici Curiae*; and consider the Brief at Dkt. 20 to be filed on the currently pending motion to dismiss.

DATED:  March 7, 2022.

                                                     *s/ J. Ashlee Albies*
                                                     J. Ashlee Albies, OSB No. 051846
                                                     ashlee@albiesstark.com

                                                     J. Remy Green (*pro hac vice*)
                                                     remy@femmelaw.com