Sandra S. Gustitus, OSB No. 143298
Chenoweth Law Group, PC
510 SW Fifth Avenue, Fourth Floor
Portland, OR  97204
Telephone: (503) 221-7958
Facsimile: (503) 221-2182
E-mail: sgustitus@chenowethlaw.com

Kristin Grant, *pro hac vice*
Grant Attorneys at Law PLLC
40 Exchange Place, Suite 1306
New York, NY 10005
Telephone:  212-520-7881
Facsimile:  212-520-7883
E-mail: kgrant@grantipattorneys.com

*Attorneys for Plaintiff Boyajian Products, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| BOYAJIAN PRODUCTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ENBY LLC,<br><br>Defendant. | Case No. 3:20-cv-01991-HZ<br><br>**PLAINTIFF BOYAJIAN PRODUCTS, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED** |
|---|---|

Plaintiff Boyajian Products, LLC ("Boyajian") submits this response in opposition to Defendant Enby LLC's ("Enby") motion to dismiss Boyajian's Second Amended Complaint filed on February 18, 2022.  As explained below, Enby's motion to dismiss should be denied.

/ / /

Page 1 –  PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
         MOTION TO DISMISS SECOND AMENDED COMPLAINT

I.  **INTRODUCTION**

Boyajian is not attempting to control the word "enby" across all uses. However, Boyajian has been the exclusive owner of the ENBY trademark in relation to the sale of sex toys throughout the United States since June 2019. Boyajian brought this action to prevent Enby's ongoing use of its mark, as a trademark, to offer identical goods and related services. Since its launch, Boyajian's product, sold under the ENBY mark, quickly gained popularity and garnered a lot of attention as a toy for everyone, regardless of the consumer's sexual orientation or gender. In late 2020, Enby began selling sex toys and related goods under the ENBY trademark.

On November 17, 2020, Boyajian commenced this action alleging federal and state common law trademark infringement, federal and state unfair competition, and Oregon state unlawful trade practices against Oregon-based Enby for its use of ENBY as a trademark in relation to the sale of sex toys and related goods. Boyajian is the senior user of the ENBY trademark in relation to sex toys. Enby is using ENBY as a trademark in relation to the sale of sex toys and related goods without Boyajian's authorization, thereby infringing on Boyajian's trademark rights in its ENBY mark.

On January 15, 2021, Enby moved to dismiss the original complaint. On November 1, 2021, the action was dismissed with leave to amend. *See* Opinion & Order, Dkt. No. 29. On December 1, 2021, Boyajian filed its First Amended Complaint. Dkt. No. 30. After discussion between the parties pursuant to LR 7-1, Boyajian agreed to file a second amended complaint (Dkt. No. 34 ("2d Compl." or "Second Amended Complaint")) in a good faith attempt to resolve what Enby deemed to be issues with the First Amended Complaint, and in an effort to avoid the unnecessary fees and delays resulting from motion practice. On January 28, 2022, Boyajian filed its Second Amended Complaint. On February 18, 2022, Enby filed another motion to dismiss

(Dkt. No. 35 ("2d Mot." or "Second Motion to Dismiss")). On March 7, 2002, *amicus curiae* asked the Court to reconsider the Amicus Brief of 553 Non-Binary (or "Enby") Individuals. Dkt. No. 38 ("Amicus Brief").

Enby's Second Motion to Dismiss should be denied because (1) it again improperly uses Federal Rule of Civil Procedure 12(b)(6) to argue the merits of this action at the pleading stage, and (2) Boyajian has plead plausible claims for federal and state trademark infringement and unfair competition. Additionally, when ruling on Enby's Second Motion to Dismiss, the Court should not consider the Amicus Brief because it also attempts to prematurely introduce evidence and arguments that go to the merits of this action. Notwithstanding the foregoing, should this Court find the pleadings deficient, Boyajian should be granted leave to amend the complaint as justice so requires.

**II.     ARGUMENT**

**A. Enby is Improperly Using Federal Rule of Civil Procedure 12(b)(6) to Argue the Merits of this Action.**

The inquiry on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "is into the adequacy of the pleadings, not the adequacy of the evidence." *Solid 21, Inc. v. Breitling USA, Inc.*, 512 Fed.Appx. 685, 686 – 687 (9th Cir. 2013). Challenges to a plaintiff's claims are not to be considered on a motion to dismiss and have no bearing on the legal sufficiency of the plaintiff's complaint allegations under Rule 12(b)(6). *Id*. However, both Enby's Second Motion to Dismiss and the supporting Amicus Brief attempt to argue and introduce evidence in an attempt to rebut Boyajian's claims. Specifically, Enby and counsel for *amici curiae* attempt, for a second time, to argue and introduce evidence to show that Boyajian's mark is merely descriptive and not entitled to trademark protection. *See* 2d Mot. at 6–10; Amicus Brief. Enby argues that the Second Amended Complaint supports a finding that the mark is descriptive because it states that the

Page 3 –   PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
            MOTION TO DISMISS SECOND AMENDED COMPLAINT

meaning of the term "Enby" describes an individual as having a non-binary gender identity. 2d Motion at 6. However, its motion fails to consider the other facts alleged in the Second Amended Compliant that contradict such a finding of descriptiveness. For example, the Second Amended Complaint includes attached articles evidencing how consumers view Boyajian's ENBY mark and the product's intended users or purchasers. *See* 2d Compl. ¶¶ 20–21, Exs. 4–5. The Second Amended Complaint does not on its face support a finding that Boyajian's mark is merely descriptive.

The Second Motion to Dismiss and the Amicus Brief rely on arguments that challenge the merits of this action and should not be considered with respect to the pending Rule 12(b)(6) motion. On a motion to dismiss, "[t]he issue is not whether a Plaintiff will ultimately prevail but whether [it] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Boyjian respectfully asks the Court not to consider the Amicus Brief on review of Enby's Second Motion to Dismiss.

**B. The Second Amended Complaint Alleges a Valid Protectible Mark.**

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible where "the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). This pleading standard under Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," but demands more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555. In deciding a motion to dismiss under Rule 12(b)(6), a court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor. *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 555).

To state a claim for trademark infringement under 15 U.S.C. § 1125(a), a plaintiff must allege: (1) ownership of a valid trademark and (2) likelihood of confusion from the defendant's use of the mark. *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1354 (9th Cir.1985). An unregistered mark is valid if it is either inherently distinctive, or it has acquired distinctiveness through secondary meaning. *See Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210-11 (2000). The Second Amended Complaint does not need to *prove* validity of the mark, it needs only to contain sufficient factual allegations that, if taken as true, support a finding of validity. *Twombly*, 550 U.S. at 570.

The Second Amended complaint alleges the following facts in relation to the validity of Boyajian's mark:

- Plaintiff sells sex toys and related goods primarily through its website at www.wildflowersex.com. In or about June 2019, Plaintiff launched a rechargeable vibrator under the ENBY trademark (the "Plaintiff's ENBY mark"), which retails for less than $80. Compl. ¶ 7.

- Plaintiff has used the Plaintiff's ENBY mark in commerce throughout the United States and internationally exclusively and continuously since as early as June 2019 in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising and promotion of its rechargeable vibrator. Compl. ¶ 8.

- On November 17, 2020, the date of commencement of this action, Plaintiff sold its rechargeable vibrator under the Plaintiff's ENBY mark through its website at www.wildflowersex.com and through at least 29 third-party retailers throughout the United States. Compl. ¶ 9.

Page 5 –  PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
            MOTION TO DISMISS SECOND AMENDED COMPLAINT

- Plaintiff's ENBY mark is inherently distinctive as applied to its rechargeable vibrator. The term ENBY is the phonetic pronunciation of "NB," the initials for the word nonbinary. As it relates to gender identity, the term non-binary refers to an individual who does not identify as either male or female. However, the general meaning of the term non-binary, as defined in the Cambridge dictionary is "not simply one thing or another." *See* Exhibit 1. Plaintiff markets its rechargeable vibrator under the Plaintiff's ENBY mark as a toy for all bodies. See Exhibit 2. Plaintiff's ENBY mark is a pun.

  Compl. ¶ 11.

- The box in which the vibrator is sold reads "Rechargeable Vibrator for Every Body." When a potential customer searches for the product on Amazon, the description of the product further underscores the suggestiveness of the Plaintiff's ENBY mark in relation to its goods. The Amazon product description includes that it is "Designed to please a variety of bodies." See Exhibit 3. The description goes on to explain "Enby is unique in that its features and functions are gender-neutral. Flex Enby's wings to stroke, grab and massage in every imaginable area." Compl. ¶ 12.

- ENBY, as used in relation to the Plaintiff's goods, is suggestive — a sex toy for all bodies, not for one specific body type or another, one specific sexual orientation or another, or one specific gender identity or another. Compl. ¶ 13.

- Since at least as early as June 5, 2019, Plaintiff has sold its rechargeable vibrator under the Plaintiff's ENBY mark to consumers in the State of Oregon. On November 17, 2020, the date of commencement of this action, Plaintiff had sold

Page 6 –  PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
    MOTION TO DISMISS SECOND AMENDED COMPLAINT

- more than 160 units of its rechargeable vibrator under the Plaintiff's ENBY mark to consumers in the State of Oregon, totaling approximately $12,000 in revenue. Compl. ¶ 15.

- On November 17, 2020, the date of commencement of this action, in only 17 months since launching the ENBY rechargeable vibrator, Plaintiff had sold more than 6,000 units of its rechargeable vibrator under the Plaintiff's ENBY mark to consumers throughout the United States, totaling more than $350,000 in revenue. Compl. ¶ 16.

- Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its rechargeable vibrator sold under the Plaintiff's ENBY mark, through paid internet advertising, affiliate marketing, pop up shops, and pride fairs, the fruits of which are reflected in the number of sales and revenue generated as of the date of commencement of this action.
Compl. ¶ 17.

- Plaintiff's ENBY mark and its goods offered thereunder have received significant unsolicited coverage in various media, including but not limited to coverage in various large scale publications including Cosmopolitan, Allure, Shape, Men's Health, Ask Men, Nylon, and Healthline, and has also been featured on the popular HBO television show Real Time With Bill Marr. Compl. ¶ 19.

- Coverage of Plaintiff's ENBY mark and its goods relates specifically to the suggestiveness of the ENBY mark. For example, the Men's Health article about the rechargeable vibrator was titled "I Tried Masturbating with Enby, the New Sex Toy for All Genders." See Exhibit 4. The article goes on to explain:

Page 7 –   PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
            MOTION TO DISMISS SECOND AMENDED COMPLAINT

> "Wild Flower's gender-free sex toy is billed as a "vibrator for every body," but I had doubts about it working with my anatomy. For reference, I'm a cisgender man, which means the gender with which I identify (male) coincides with my birth sex…However, it's supposed to be for everyone, so I wanted to try it out." *Id.* Compl. ¶ 20.

- The Plaintiff's rechargeable vibrator is sold under the Plaintiff's ENBY mark on third party websites, such as "www.goop.com." See Exhibit 5. On www.goop.com," the product details state "This vibrator's unique shape (it's designed with all body types and sexualities in mind) is its biggest asset: Enby can be folded, rubbed on, or tucked between you and a partner . . . ." *Id.* Compl. ¶ 21.

- The nature of the product not simply being for one body or another, is the basis of the ENBY mark, making it suggestive and thereby inherently distinctive. Compl. ¶ 22.

- An internet search for the phrase "enby sex toy" reveals only links related to Plaintiff's goods and Defendant's services. See Exhibit 7. Compl. ¶ 29.

- Defendant's website demonstrates the likelihood of confusion through the use of an identical mark — suggestively — as a trademark, to sell goods identical to the Plaintiff's goods, with brand messaging that is very similar to Plaintiff's messaging. Defendant's website reads "shop enby is a safer space for people of all genders to explore pleasure beyond the binary." See Exhibit 8. Compl. ¶ 34.

- Third party websites also demonstrate the likelihood of confusion. An article on www.reviewed.com titled Black-Owned Sex Wellness Brands to Check Out Now reads "Created to market gender-affirming products for all bodies, Enby (not to be confused with Wild Flower's gender-neutral sex toy of the same name) is a Black and trans-owned retailer where you can shop for a variety of sex toys, including

vibrators, strokers, plugs, and more." See Exhibit 9 Compl. ¶ 35.

In its Second Motion to Dismiss, Enby does not challenge the sufficiency of the pleadings as they relate to likelihood of confusion. Rather, Enby argues that Boyajian fails to adequately allege that its mark is either (a) distinctive, or (b) has acquired secondary meaning, and thereby has failed to allege its ownership of a valid trademark. *See* 2d Mot. However, because Boyajian's Second Amended Complaint brings allegations showing its mark is distinctive, or has otherwise acquired secondary meaning, this Court should deny Enby's motion to dismiss.

### *The Second Amended Complaint Adequately Alleges that Boyajian's Mark is Inherently Distinctive.*

Trademarks are classified in one of five categories of increasing distinctiveness: (1) generic, (2) descriptive, (3) suggestive, (4) arbitrary, or (5) fanciful. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). Suggestive, arbitrary, and fanciful marks are inherently distinctive and thereby are entitled to federal trademark protection because "their intrinsic nature serves to identify a particular source of a product." *Id*. A descriptive mark is not automatically entitled to trademark protection but may become protectable if it has acquired distinctiveness through secondary meaning. *Zobmondo Entmt., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010). The classification of a mark is "an intensely factual issue." *Id*. A Rule 12(b)(6) motion is an "improper vehicle for establishing" whether a mark is suggestive or descriptive. *Pinterest Inc. v. Pintrips Inc.*, 15 F.Supp. 992, 999 (N.D. Cal 2014).

Boyajian's Second Amended Complaint brings several allegations supporting a finding that its mark is inherently distinctive. For example, it alleges that its mark is suggestive ((2d Compl. ¶ 11) (describing the mark as "a pun"));  ((*Id.* ¶¶ 12, 20, 21; *see also id.* ¶ 22 ("[t]he nature of the product not simply being for one body or another, is the basis of the ENBY mark, making it suggestive and thereby inherently distinctive.")).

Page 9 –   PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
              MOTION TO DISMISS SECOND AMENDED COMPLAINT

Boyajian's factual allegations, when accepted as true and viewed in the light most favorable to Boyajian, are enough to raise a right to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These factual allegations plausibly allege the significance of the mark, including how the purchasing public views the mark as used in relation to Boyajian's product, with supporting evidence in the Exhibits. The Second Amended Complaint plausibly alleges a valid trademark.

### *The Second Amended Complaint Adequately Alleges in the Alternative that Boyajian's Mark has Acquired Distinctiveness Through Secondary Meaning.*

In the Ninth Circuit, secondary meaning "has been defined as association, nothing more." *Levi Strauss & Co. v. Blue Bell, Inc*., 632 F.2d 817, 820 (9th Cir. 1980) (quoting *Carter-Wallace, Inc*., 434 F.2d at 802). Secondary meaning is the mental association by a substantial segment of consumers and potential consumers "between the alleged mark and a single source of the product." *Id*.

Secondary meaning is a fact-intensive issue that is not appropriately resolved on a motion to dismiss. *See Rothy's, Inc. v. JKM Tech., LLC*, 360 F. Supp. 3d 373, 388 (W.D. Va. 2018) ("Given the factually intensive nature of secondary meaning, it is not appropriate for the court to weigh the factors at this stage. Defendants may raise this argument on summary judgment, if they wish."). Courts have denied a Rule 12(b)(6) motion to dismiss where the plaintiff's complaint allegations described the mark's use in advertising and media, and thereby adequately pleaded that the mark has acquired a secondary meaning. *See e.g.*, *Kremerman v. Open Source Steel, LLC*, 2017 WL 3970894, *5 (W.D. Wash. 2017) (allegation that trade dress "enjoys secondary meaning among customers based on 'extensive and consistent advertising throughout the United States'" was sufficient to survive a motion to dismiss) (*citing Glassybaby, LLC v. Provide Gifts, Inc.*, 2011 WL 2218583 (W.D. Wash. June 6, 2011) (allegation of "widespread coverage in print and

television journalism, extensive marketing and promotion, and appearances on national broadcast television and radio programs" sufficient to survive a motion to dismiss).

The Second Amended Complaint includes sufficient factual allegations that, when taken as true, support a finding of secondary meaning. The Second Amended Complaint alleges facts with accompanying evidence related to Boyajian's dates of first use (2d Compl. ¶ 7), the association between the goods and the source (*see id.*), its continuous and widespread use (*id.* ¶ 8), sales figures (*id.* ¶ 16), and press and publicity (*id.* ¶¶ 19–21). Specific examples of complaint allegations showing the mark has acquired secondary meaning include an exhibit of a Men's Health article titled "I Tried Masturbating with Enby, the New Sex Toy for All Genders," and an exhibit showing that an internet search for the phrase "enby sex toy" reveals only links related to Boyajian's goods. *Id.* ¶ 20, ex. 3; *id.* ¶ 29, ex. 7.

Enby argues that secondary meaning may be shown through, among other things, direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the Defendant." 2d Mot. at 8. However, it is unnecessary that a complaint provide all factual evidence that will be revealed during discovery. Such a substantial amount of evidence is not required at the pleading stage. *See e.g. Twombly*, 550 U.S. at 555.

**C. Boyajian does not Lack Standing to Assert a Federal Trademark Claim.**

"To establish standing to sue for trademark infringement under the Lanham Act, a Plaintiff must show that he or she is either (1) the owner of a federal mark registration, (2) the owner of an unregistered mark, or (3) a non-owner with a cognizable interest in the allegedly infringed trademark." *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1225 (9th

Page 11 –   PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
            MOTION TO DISMISS SECOND AMENDED COMPLAINT

Cir. 2008).

Enby argues that Boyajian lacks standing to bring a federal trademark claim because Bojyajian does not allege that it is that it is the owner of a valid, unregistered mark, and does not allege that it otherwise has some cognizable interest in the allegedly infringed trademark. 2d Mot. at. 10. However, as stated above, an unregistered mark is valid if it is either inherently distinctive, or it has acquired distinctiveness through secondary meaning. *See Wal-Mart Stores, Inc.* 529 U.S. at 210-11 (2000). Because Boyajian alleges its mark is inherently distinctive or has otherwise acquired distinctiveness through secondary meaning, it has adequately alleged its ownership of a valid protectible mark, and Enby's Second Motion to Dismiss must be denied.

**D. Boyajian Alleges a Valid Claim for Common Law Trademark Infringement Under Oregon Law**

A claim for trademark infringement under Oregon state law is assessed under the same test as a claim for federal trademark infringement. *Classic Instruments, Inc. v. VDO-Argo Instruments, Inc.*, 73 Or. App. 732, 736–42 (1985) (assessing state and federal trademark claims under a single analysis); *see also Interstellar Starship Servs. v. Epix, Inc.*, 125 F. Supp. 2d 1269, 1272 (D. Or. Jan. 3, 2001). As such, in order to succeed on a claim for common law trademark infringement under Oregon law, Boyajian must prove (1) ownership of a valid trademark and (2) likelihood of confusion from Enby's use of the mark. *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1354 (9th Cir.1985). At the pleading stage, however, Boyajian need only plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007).

Boyajian's position is that its mark is inherently distinctive when used in relation to its goods. Notwithstanding the foregoing, Boyajian has also alleged in the Second Amended Complaint that, if deemed descriptive, its mark has acquired distinctiveness through secondary meaning. Under Oregon law, there is no one test for proving secondary meaning. *Lift Truck, Inc.*

Page 12 – PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

*v. Bourne*, 235 Or. 446, 450, 385 P.2d 735 (1963).  However, in all cases, whether a name has acquired a secondary meaning is a question of fact.  *The 88¢ Stores, Inc.*, 227 Or. at153–54, **1366 361 P.2d 809.  It is well established that questions of fact cannot be decided on a motion to dismiss.  *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 212 (9th Cir. 1957).  Enby's Second Motion to Dismiss must be denied if Boyajian has alleged enough facts to show that is it plausible that it is the owner of a valid and protectible mark and that there is a likelihood of confusion from Enby's use of the mark.  As discussed above, Boyajian has met this Rule 8 pleading standard, and this Court should deny Enby's motion.

### E. If this Court finds the Pleadings Insufficient, It Should Grant Boyajian Leave to Amend its Complaint.

Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(2).  It is well established that leave to amend should "be freely given when justice so requires."  *See Bowles v. Reade,* 198 F.3d 752, 757 (9th Cir.1999).  Enby argues that Boyajian should not be granted leave to amend the complaint because the Boyajian's mark is merely descriptive, unlikely to ever achieve secondary meaning, and therefore amendment would be futile.  2d. Mot. at 11.  Whether a mark is merely descriptive and whether it has or can achieve secondary meaning are questions of fact.  *Pinterest Inc.*, 15 F.Supp. at 999; *The 88¢ Stores, Inc.*,227 Or. at153–54, **1366 361 P.2d 809.  Enby and counsel for *amici curiae* attempt to litigate Boyajian's claims at the pleading stage through the presentation of external evidence and arguments which go to the merits of the action.  The consideration of matters outside of the pleadings to "resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery."  *Khoja*, 899 F.3d at 998.  At the motion to dismiss stage, Boyajian has not been given the opportunity to present all relevant evidence to substantiate its claims, and surely has not been

Page 13 –  PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
             MOTION TO DISMISS SECOND AMENDED COMPLAINT

given the opportunity to provide evidence in rebuttal of the plethora of disputed facts and legal conclusions presented by Enby and counsel for *amici curiae*. *See Khoja*, 899 F. 3d at 1003. Boyajian should be given the opportunity to amend its complaint should this Court find the pleadings deficient. Enby's argument that amendment would be futile is solely based on disputed questions of fact—whether the Boyajian's mark is merely descriptive or has acquired distinctiveness—that should not be decided on a motion to dismiss. Amendment to the complaint would not produce an undue delay in litigation, is sought in good faith, and would not prejudice the opposing party. *See AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

**F.  Enby is Not Entitled to Attorneys' Fees.**

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). In determining whether a case is exceptional, courts examine the "totality of the circumstances" using a preponderance of the evidence standard. *See SunEarth, Inc. v. Sun Earth Solar Power Co. Ltd.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc). An exceptional case is one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. *Id.* Courts may look to a non-exclusive list of factors in determining whether a case is exceptional, including frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence. *Id.*

In its Second Motion to Dismiss, Enby makes conclusory allegations that Boyajian made intentional mistakes, misstatements, and omissions and that it brought this action in bad faith and

in an attempt to intimidate Enby and stifle its speech. *See* 2d Mot. at 12. All of these allegations are unsupported and blatantly false. Boyajian commenced this action with the good faith belief that its mark is inherently distinctive and registrable with the United States Patent and Trademark Office. Such good faith belief is evidenced by its applications for federal protection under Serial No. 88282201 (abandoned) and Serial No. 90256449 (approved for publication), and their associated prosecution histories.

Further, Enby's reliance on *Interstellar* in asserting that the transfer of a domain is not a form of relief for which a trademark owner is entitled to is incorrect. The Court in *Intersteller* discussed that a finding of trademark infringement does not *require* the forced transfer of the infringing property. *Interstellar Starship Services, Ltd. v. Epix, Inc*., 304 F.3d 936, 98 (9th Cir. 2002) (emphasis added). However, it is well established that in trademark infringement actions Courts retain the discretion to fashion any remedy which alleviates confusion. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 355 (9th Cir.1979). Thus, a transfer of a domain may be granted within the Court's discretion.

Boyajian has litigated this action in good faith and its claims are objectively reasonable. This is not an exceptional case merely because the mark in question has a meaning associated with gender identity. If this alone were sufficient to deem a case exceptional, the registrants of several other marks on the USPTO register comprising of gender and sexual orientation terms would not be able to enforce their rights. *See for example,* Exhibit A. Enby is not entitled to attorneys' fees should it prevail on its motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, Boyajian respectfully requests that the Court deny counsel for *amici curiae*'s motion to consider the Amicus Brief and deny Enby's Second Motion to Dismiss.

Alternatively, Boyajian respectfully requests the Court grant it leave to amend its complaint.

Dated: March 21, 2022

          Respectfully submitted,

          */s/ Sandra S. Gustitus*
          Sandra S. Gustitus, OSB No. 143298
          Chenoweth Law Group, PC
          510 SW Fifth Avenue, Fourth Floor
          Portland, OR  97204
          Telephone: (503) 221-7958
          Facsimile: (503) 221-2182
          E-mail: sgustitus@chenowethlaw.com

          Kristin Grant, *pro hac vice*
          Grant Attorneys at Law PLLC
          40 Exchange Place, Suite 1306
          New York, NY 10005
          Telephone:  212-520-7881
          Facsimile:  212-520-7883
          E-mail: kgrant@grantipattorneys.com

          *Attorneys for Plaintiff Boyajian Products, LLC*

3/21/22, 12:03 PM                                          Trademark Electronic Search System (TESS)

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks** > **Trademark Electronic Search System (TESS)**

TESS was last updated on Mon Mar 21 03:17:22 EDT 2022

[TESS Home] [New User] [Structured] [Free Form] [Browse Dict] [SEARCH OG] [Bottom] [HELP] [Prev List] [Curr List] [Next List]
[First Doc] [Prev Doc] [Next Doc] [Last Doc]

[Logout]  Please logout when you are done to release system resources allocated for you.

[Start]  List At: [     ]  OR  [Jump]  to record: [     ]  **Record 4 out of 9**

[TSDR] [ASSIGN Status] [TTAB Status]  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | GAY |
| **Goods and Services** | IC 033. US 047 049. G & S: Wine. FIRST USE: 20100707. FIRST USE IN COMMERCE: 20100708 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 85792086 |
| **Filing Date** | November 30, 2012 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | December 10, 2013 |
| **Registration Number** | 4487150 |
| **Registration Date** | February 25, 2014 |
| **Owner** | (REGISTRANT) Naked Wines, LLC LIMITED LIABILITY COMPANY OREGON 1767 12th St. Hood River OREGON 97031 |
| | (LAST LISTED OWNER) EVOKE WINES LLC LIMITED LIABILITY COMPANY OREGON 1232 WASCO ST. HOOD RIVER OREGON 97031 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | Hillary A. Brooks |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

https://tmsearch.uspto.gov/bin/gate.exe?f=doc&state=4802:y0av65.6.4                                    1/2

Exhibit A
Page 1 of 4

3/21/22, 12:03 PM                                      Trademark Electronic Search System (TESS)

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

| HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

**Trademarks** > **Trademark Electronic Search System (TESS)**

TESS was last updated on Mon Mar 21 03:17:22 EDT 2022

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: ____  OR  Jump  to record: ____   **Record 1 out of 3**

( Use the "Back" button of the Internet Browser to return to TESS)

# QUEER

| | |
|---|---|
| **Word Mark** | QUEER |
| **Goods and Services** | IC 003. US 001 004 006 050 051 052. G & S: Perfume, toilet water, eau-de-cologne, toilet soap, perfumed soaps, personal deodorants, shower gels, scented body milks, cosmetics, make-up, essential oils |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 88202306 |
| **Filing Date** | November 21, 2018 |
| **Current Basis** | 44E |
| **Original Filing Basis** | 44E |
| **Published for Opposition** | March 26, 2019 |
| **Registration Number** | 5775602 |
| **Registration Date** | June 11, 2019 |
| **Owner** | (REGISTRANT) Orveda Limited LIMITED LIABILITY COMPANY UNITED KINGDOM 3 Rutland Road London UNITED KINGDOM SW71BL |
| **Attorney of Record** | Dyan Finguerra-DuCharme |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

https://tmsearch.uspto.gov/bin/gate.exe?f=doc&state=4802:y0av65.5.1                               1/2

3/21/22, 12:02 PM                                         Trademark Electronic Search System (TESS)

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

| **HOME** | **SITE INDEX**| **SEARCH** | **eBUSINESS** | **HELP** | **PRIVACY POLICY**