IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BOYAJIAN PRODUCTS, LLC,

        Plaintiff,

   v.

ENBY LLC,

        Defendant.

No. 3:20-cv-01991-HZ

ORDER

HERNÁNDEZ, District Judge:

Plaintiff Boyajian Products, LLC, sued Defendant Enby LLC for trademark infringement. The Court granted Defendant's earlier motion to dismiss, ECF 13, allowing Plaintiff to amend. Plaintiff subsequently filed a Second Amended Complaint, ECF 34, and Defendant once again moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), ECF 35.

Defendant continues to urge the Court to conclude—at this early stage—that the term 'ENBY' cannot constitute a protectable mark as a matter of law. *See* Mot. to Dismiss 5–10. But as the Court already explained, "the ENBY mark is not so plainly on the unprotected end of the distinctiveness spectrum that it can be weighed and found wanting with no factual development." Opinion and Order on First Mot. to Dismiss ("First Order") 7. As the Court stated then, and repeats now, "deciding whether a mark is distinctive or merely descriptive is far from an exact science and is a tricky business at best." *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1197 (9th Cir. 2009); *see also Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002)

1 – ORDER

("Because of the intensely factual nature of trademark disputes, *summary judgment* is generally disfavored in the trademark arena." (emphasis added)). Thus, the ENBY mark, as it relates to Plaintiff's product, is not so plainly unprotectable as to make dismissal under Rule 12(b)(6) appropriate.

The crucial deficiency the Court identified in Plaintiff's earlier complaint was a paucity of specific, non-conclusory allegations going to the merits of their trademark-based claims. But that is no longer the case. Plaintiff's amended complaint now makes sufficient factual allegations related to the distinctive nature of the mark, Plaintiff's use of the mark, the purchasing public's perception of the mark, and confusion caused by Defendant's alleged use of the mark. *See, e.g.*, SAC ¶ 11, 12, 15–16, 20, 34–35; *see also* First Order 7–10. Indeed, overall, the allegations in Plaintiff's new Complaint are far more thorough and detailed than the conclusory and threadbare allegations in Plaintiff's first complaint. Accepting these now well-pleaded allegations as true, and drawing all reasonable inferences in Plaintiff's favor, the Court concludes that Plaintiff has "plausibly suggest[ed] an entitlement to relief." *See Starr v. Baca*, 652 F.3d 1202, 1216–17 (9th Cir. 2011) ("The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable."). Accordingly, the Court DENIES Defendant's Motion to Dismiss, ECF 35.[1]

IT IS SO ORDERED.

DATED:___June 13, 2022_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

---

[1] The motion to appear as amicus curiae, ECF 38, is denied as moot.

2 – ORDER